**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| SELECT RETRIEVAL, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| AMERIMARK DIRECT LLC;  ANN INC.; | § | |
| BABYAGE.COM, INC.; | § | |
| BARNESANDNOBLE.COM LLC.;  BARNEYS | § | |
| NEW YORK, INC.; BJ'S WHOLESALE CLUB, | § | |
| INC.; BULBS.COM INCORPORATED; | § | |
| CABELA'S INCORPORATED; CPA2BIZ, INC.; | § | |
| CROCS, INC.; WAYFAIR LLC; DELL, INC.; | § | **JURY TRIAL REQUESTED** |
| DICK'S SPORTING GOODS, INC.; DILLARD'S, | § | |
| INC.; EASTERN MOUNTAIN SPORTS, INC.; | § | |
| EBAGS, INC.;  EXPRESS, LLC; GNC | § | |
| HOLDINGS, INC.; GREEN MOUNTAIN | § | |
| COFFEE ROASTERS, INC.; HANOVER | § | |
| DIRECT, INC.; ICE.COM, INC.; J&P CYCLES, | § | |
| LLC; KARMALOOP, INC.; LIBERTY MEDIA | § | |
| CORPORATION; LIQUIDITY SERVICES, INC.; | § | |
| MACY'S, INC.; NBA MEDIA VENTURES, LLC; | § | |
| NFL ENTERPRISES LLC; NHL ENTERPRISES, | § | |
| L.P.; ORIENTAL TRADING COMPANY, INC.; | § | |
| OVERSTOCK.COM, INC.; PC MALL, INC.; | § | |
| PETSMART, INC.; QUIDSI, INC.; RITZ | § | |
| INTERACTIVE, INC.; SCHOLASTIC | § | |
| CORPORATION; SHOEBUY.COM, INC.; | § | |
| SKYMALL, INC.; STAPLES, INC.; SYSTEMAX | § | |
| INC.; TECH FOR LESS LLC; BUCKLE, INC.; | § | |
| THE SPORTS AUTHORITY, INC.; TIFFANY & | § | |
| CO.; TOYS "R" US, INC.; VS HOLDINGS INC.; | § | |
| WAL-MART STORES, INC.;  PHILIPS | § | |
| ELECTRONICS NORTH AMERICA | § | |
| CORPORATION; LG ELECTRONICS U.S.A., | § | |
| INC.; SHARP ELECTRONICS CORPORATION; | § | |
| 1800MATTRESS.COM, LLC; 3BALLS.COM, | § | |
| INC.; AMERICAN GREETINGS | § | |
| CORPORATION; B & H FOTO & | § | |
| ELECTRONICS CORP.;   BLUEFLY, INC.; | § | |
| CHARMING SHOPPES, INC.; CHRISTIAN | § | |
| BOOK DISTRIBUTORS, LLC; COMPSOURCE, | § | |
| INC.; DECORATIVE PRODUCT SOURCE INC.; | § | |

FOOT LOCKER, INC.; HAYNEEDLE, INC.;           §
HENRY MODELL & COMPANY, INC.;                 §
KENNETH COLE PRODUCTIONS, INC.; L. L.         §
BEAN, INC.; LUXI GROUP, LLC; NEBRASKA         §
FURNITURE MARK, INC.; PARAGON                 §
SPORTING GOODS CO., LLC; PC                   §
CONNECTION, INC.; PUBLIC                      §
BROADCASTING SERVICE; REDCATS USA,            §
INC.; ROBERT E. AXELROD ASSOCIATES,           §
INC.; ROSS-SIMONS, INC.; BROWN SHOE           §
COMPANY, INC.; TABCOM , LLC;                  §
TOOLFETCH, LLC; UNDER ARMOUR, INC.;           §
ELLISON SYSTEMS, INC. d/b/a                   §
SHOPLET.COM; STAR CREATIONS, INC. d/b/a       §
AJ MADISON; J& R ELECTRONICS INC.; and        §
NEW MOOSEJAW, LLC;                            §
                                              §
                        Defendants.           §
                                              §

## **COMPLAINT**

Plaintiff Select Retrieval, LLC ("Select Retrieval" or "Plaintiff"), by way of Complaint

against defendants AmeriMark Direct LLC; Ann Inc.; BabyAge.com, Inc.; BarnesandNoble.com

LLC; Barneys New York, Inc.; BJ's Wholesale Club, Inc.; Bulbs.com Incorporated; Cabela's

Incorporated; CPA2Biz, Inc.; Crocs, Inc.; Wayfair LLC; Dell, Inc.; Dick's Sporting Goods, Inc.;

Dillard's, Inc.; Eastern Mountain Sports, Inc.; eBags, Inc.; Express, LLC; GNC Holdings, Inc.;

Green Mountain Coffee Roasters, Inc.; Hanover Direct, Inc.; Ice.com, Inc.; J&P Cycles, LLC;

Karmaloop, Inc.; Liberty Media Corporation; Liquidity Services, Inc.; Macy's, Inc.; NBA Media

Ventures, LLC; NFL Enterprises, LLC; NHL Enterprises, LP; Oriental Trading Company, Inc.;

Overstock.com, Inc.; PC Mall, Inc.; PetSmart, Inc.; Quidsi, Inc.; Ritz Interactive, Inc.; Scholastic

Corporation; Shoebuy.com, Inc.; SkyMall, Inc.; Staples, Inc.; Systemax, Inc.; Tech for Less,

LLC; Buckle, Inc.; The Sports Authority, Inc.; Tiffany & Co.; Toys "R" Us, Inc.; VS Holdings,

Inc.; Wal-Mart Stores, Inc.; Philips Electronics North America Corporation; LG Electronics

USA, Inc.; Sharp Electronics Corporation; 1800Mattress.com, LLC; 3balls.com, Inc.; American Greetings Corporation; B & H Foto & Electronics Corp.; Bluefly, Inc.; Charming Shoppes, Inc.; Christian Book Distributors, LLC; CompSource, Inc.; Decorative Product Source, Inc.; Foot Locker, Inc.; Hayneedle, Inc.; Henry Modell & Company, Inc.; Kenneth Cole Productions, Inc.; L. L. Bean, Inc.; Luxi Group, LLC; Nebraska Furniture Mark, Inc.; Paragon Sporting Goods Co., LLC; PC Connection, Inc.; Public Broadcasting Service; Redcats USA, Inc.; Robert E. Axelrod Associates, Inc.; Ross-Simons, Inc.; Brown Shoe Company, Inc.; TABcom, LLC; Toolfetch, LLC; Under Armour, Inc.; Ellison Systems, Inc. d/b/a Shoplet.com; Star Creations, Inc. d/b/a AJ Madison; J & R Electronics Inc.; and New Moosejaw, LLC (collectively "Defendants"), hereby alleges as follows:

## **NATURE OF THE ACTION**

1.      This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

## **THE PARTIES**

2.      Plaintiff Select Retrieval is a limited liability company organized under the laws of Texas with its principal place of business at 777 Enterprise Drive, Hewitt, TX 76643.

3.      Defendant AmeriMark Direct LLC is a company organized under the laws of Delaware with its principal place of business at 6864 Engle Road, Cleveland, OH 44130.

4.      Defendant Ann Inc. is a corporation organized under the laws of Delaware with its principal place of business at 7 Times Square, 15th Floor, New York, NY 10036-6524.

5.      Defendant BabyAge.com, Inc. is a corporation organized under the laws of Delaware with its principal place of business at 360 Stewart Road, Wilkes-Barre, PA 18706.

6.      Defendant BarnesandNoble.com LLC is a company organized under the laws of Delaware with its principal place of business at 76 Ninth Avenue, 9th Floor, New York, NY 10011.

7.      Defendant Barneys New York, Inc. is a corporation organized under the laws of Delaware with its principal place of business at 575 Firth Avenue, Floor 11, New York, NY 10017.  Upon information and belief, Barneys New York, Inc. does business in this judicial district.

8.      Defendant BJ's Wholesale Club, Inc. is a corporation organized under the laws of Delaware with its principal place of business at 25 Research Drive, Westborough, MA 01581.

9.      Defendant Bulbs.com Incorporated is a corporation organized under the laws of Delaware with its principal place of business at 243 Stafford Street, Worchester, MA 01603.

10.     Defendant Cabela's Incorporated is a corporation organized under the laws of Delaware with its principal place of business at 1 Cabela Drive, Sidney, NE 69160.

11.     Defendant CPA2Biz, Inc. is a corporation organized under the laws of Delaware with its principal place of business at 1211 Avenue of the Americas, 19th Floor, New York, NY 10036.

12.     Defendant Crocs, Inc. is a corporation organized under the laws of Delaware with its principal place of business at 6328 Monarch Park Place, Niwot, CO 80503.

13.     Defendant Wayfair LLC is a company organized under the laws of Delaware with its principal place of business at 177 Huntington Avenue, Suite 6000, Boston, MA 02115.

14.     Defendant Dell, Inc. is a corporation organized under the laws of Delaware with its principal place of business at 1 Dell Way, Round Rock, TX 78682.

15.     Defendant Dick's Sporting Goods, Inc. is a corporation organized under the laws of Delaware with its principal place of business at 345 Court Street, Corapolis, PA 15108.

16.     Defendant Dillard's, Inc. is a corporation organized under the laws of Delaware with its principal place of business at 1600 Cantrell Road, Little Rock, AR 72201.

17.     Defendant Eastern Mountain Sports, Inc. is a corporation organized under the laws of Delaware with its principal place of business at 1 Vose Farm Road, Peterborough, NH 03458.

18.     Defendant eBags, Inc. is a corporation organized under the laws of Delaware with its principal place of business at 5500 Greenwood Plaza Blvd., Suite 160, Greenwood Village, CO 80111.

19.     Defendant Express, LLC is a company organized under the laws of Delaware with its principal place of business at 1 Limited Parkway, Columbus, OH 43230.

20.     Defendant GNC Holdings, Inc. is a corporation organized under the laws of Delaware with its principal place of business at 300 Sixth Avenue, Pittsburgh, PA 15222.

21.     Defendant Green Mountain Coffee Roasters, Inc. is a corporation organized under the laws of Delaware with its principal place of business at 33 Coffee Lane, Waterbury, VT 05676.

22.     Defendant Hanover Direct, Inc. is a corporation organized under the laws of Delaware with its principal place of business at 1500 Harbor Blvd., Weehawken, NJ 07086.

23.     Defendant Ice.com, Inc. is a corporation organized under the laws of Delaware with its principal place of business at 1083 State Route 9, Champlain, NY 12919.

24.     Defendant J&P Cycles, LLC is a company organized under the laws of Delaware with its principal place of business at 13225 Circle Drive, Anamosa, IA 55205.

25.     Defendant Karmaloop, Inc. is a corporation organized under the laws of Delaware with its principal place of business at 131 Tremont Street, Boston, MA 02111.

26.     Defendant Liberty Media Corporation is a corporation organized under the laws of Delaware with its principal place of business at 12300 Liberty Blvd., Englewood, CO 80112.

27.     Defendant Liquidity Services, Inc. is a corporation organized under the laws of Delaware with its principal place of business at 1920 L Street NW, 6th Floor, Washington, DC 20036.

28.     Defendant Macy's, Inc. is a corporation organized under the laws of Delaware with its principal place of business at 7 West 7th Street, Cincinnati, OH 45202.

29.     Defendant NBA Media Ventures, LLC is a company organized under the laws of Delaware with its principal place of business at 645 5th Avenue, New York, NY 10022.

30.     Defendant NFL Enterprises, LLC is a company organized under the laws of Delaware with its principal place of business at 280 Park Avenue, New York, NY 10017.

31.     Defendant NHL Enterprises, LP is a partnership organized under the laws of Delaware with its principal place of business at 1185 Avenue of the Americas, Suite 15, New York, NY 10036.

32.     Defendant Oriental Trading Company, Inc. is a corporation organized under the laws of Delaware with its principal place of business at 4206 South 108th Street, Omaha, NE 68137.

33.     Defendant Overstock.com, Inc. is a corporation organized under the laws of Delaware with its principal place of business at 32200 North Avis Drive, Suite 100, Madison Heights, MI 48071.

34.     Defendant PC Mall, Inc. is a corporation organized under the laws of Delaware with its principal place of business at 2555 West 190th Street, Suite 201, Torrance, CA 90504.

35.     Defendant PetSmart, Inc. is a corporation organized under the laws of Delaware with its principal place of business at 1960 North 27th Avenue, Phoenix, AZ 85027.

36.     Defendant Quidsi, Inc. is a corporation organized under the laws of Delaware with its principal place of business at 10 Exchange Place, Jersey City, NJ 07302.

37.     Defendant Ritz Interactive, Inc. is a corporation organized under the laws of Delaware with its principal place of business at 2010 Main Street, Suite 550, Irvine, CA 92614.

38.     Defendant Scholastic Corporation is a corporation organized under the laws of Delaware with its principal place of business at 557 Broadway, New York, NY 10012.

39.     Defendant Shoebuy.com, Inc. is a corporation organized under the laws of Delaware with its principal place of business at 101 Arch Street, 16th Floor, Boston, MA 02110.

40.     Defendant SkyMall, Inc. is a corporation organized under the laws of Delaware with its principal place of business at 1520 E. Pima Street, Phoenix, AZ 85034.

41.     Defendant Staples, Inc. is a corporation organized under the laws of Delaware with its principal place of business at 500 Staples Drive, Framingham, MA 01702.

42.     Defendant Systemax, Inc. is a corporation organized under the laws of Delaware with its principal place of business at 11 Harbor Park Drive, Port Washington, NY 11050.

43.     Defendant Tech for Less, LLC is a company organized under the laws of Delaware with its principal place of business at 1610 Garden of the Gods, Suite 100, Colorado Springs, CO 80919.

44.     Defendant Buckle, Inc. is a corporation organized under the laws of Delaware with its principal place of business at 2407 West 24th Street, Kearney, NE 68845.

45.     Defendant The Sports Authority, Inc. is a corporation organized under the laws of Delaware with its principal place of business at 1050 W. Hampden Avenue, Englewood, CA 80110.

46.     Defendant Tiffany & Co. is a company organized under the laws of Delaware with its principal place of business at 727 Fifth Avenue, New York, NY 10022.

47.     Defendant Toys "R" Us, Inc. is a corporation organized under the laws of Delaware with its principal place of business at 1 Geoffrey Way, Wayne, NJ 07470.

48.     Defendant VS Holdings, Inc. is a corporation organized under the laws of Delaware with its principal place of business at 2010 91ST Street, North Bergen, NJ 07047.

49.     Defendant Wal-Mart Stores, Inc. is a corporation organized under the laws of Delaware with its principal place of business at 702 Southwest 8th Street, Bentonville, AR 72716.

50.     Defendant Philips Electronics North America Corporation is a corporation organized under the laws of Massachusetts with its principal place of business at 3000 Minuteman Road, Andover, MA 01810-1032.  Upon information and belief, Philips Electronics North America Corporation does business in this judicial district.

51.     Defendant LG Electronics USA, Inc. is a corporation organized under the laws of New Jersey with its principal place of business at 1000 Sylvan Avenue, Englewood Cliffs, NJ 07632.  Upon information and belief, LG Electronics USA, Inc. does business in this judicial district.

52.     Defendant Sharp Electronics Corporation is a corporation organized under the laws of New York with its principal place of business at 1 Sharp Plaza, Mahwah, NJ 07495.  Upon information and belief, Sharp Electronics Corporation does business in this judicial district.

53.     Defendant 1800Mattress.com, LLC is a company organized under the laws of New York with its principal place of business at 1 Sharp Plaza, Mahwah, NJ 07495.  Upon information and belief, 1800Mattress.com, LLC does business in this judicial district.

54.     Defendant 3balls.com, Inc. is a corporation organized under the laws of Massachusetts with its principal place of business at 1000 S. Oyster Bay Road, Hicksville, NY 11801.  Upon information and belief, 3balls.com does business in this judicial district.

55.     Defendant American Greetings Corporation is a corporation organized under the laws of Ohio with its principal place of business at 1 American Road, Cleveland, OH 44144. Upon information and belief, American Greetings Corporation does business in this judicial district.

56.     Defendant B & H Foto & Electronics Corp. is a corporation organized under the laws of New York with its principal place of business at 420 9th Avenue, New York, NY 10001. Upon information and belief, B & H Foto & Electronics Corp. does business in this judicial district.

57.     Defendant Bluefly, Inc. is a corporation organized under the laws of Delaware with its principal place of business at 42 West 39th Street, 9th Floor, New York, NY 10018.

58.     Defendant Charming Shoppes, Inc. is a corporation organized under the laws of Pennsylvania with its principal place of business at 450 Winks Lane, Bensalem, PA 19020. Upon information and belief, Charming Shoppes, Inc. does business in this judicial district.

59.     Defendant Christian Book Distributors, LLC is a company organized under the laws of Delaware with its principal place of business at 140 Summit Street, Peabody, MA 01960.

60.     Defendant CompSource, Inc. is a corporation organized under the laws of Ohio with its principal place of business at 3241 Superior Avenue, Cleveland, OH 44144.   Upon information and belief, CompSource, Inc. does business in this judicial district.

61.     Defendant Decorative Product Source, Inc. is a corporation organized under the laws of New York with its principal place of business at 1 Coates Drive, Goshen, NY 10924. Upon information and belief, Decorative Product Source, Inc. does business in this judicial district.

62.     Defendant Foot Locker, Inc. is a corporation organized under the laws of New York with its principal place of business at 112 West 34th Street, New York, NY 10120.  Upon information and belief, Foot Locker, Inc. does business in this judicial district.

63.     Defendant Hayneedle, Inc. is a corporation organized under the laws of Nebraska with its principal place of business at 12720 1st Street, Suite 200, Omaha, NE 68137.   Upon information and belief, Hayneedle, Inc. does business in this judicial district.

64.     Defendant Henry Modell & Company, Inc. is a corporation organized under the laws of New York with its principal place of business at 498 7th Avenue, 20th Floor, New York, NY 10018.  Upon information and belief, Henry Modell & Company, Inc. does business in this judicial district.

65.     Defendant Kenneth Cole Productions, Inc. is a corporation organized under the laws of New York with its principal place of business at 603 West 50th Street, New York, NY 10019.   Upon information and belief, Kenneth Cole Productions, Inc. does business in this judicial district.

66.     Defendant L.L. Bean, Inc. is a corporation organized under the laws of Maine with its principal place of business at 15 Casco Street, Freeport, ME 04033.  Upon information and belief, L.L. Bean, Inc. does business in this judicial district.

67.     Defendant Luxi Group, LLC is a company organized under the laws of New York with its principal place of business at 545 Broadway, Brooklyn, NY 11206.  Upon information and belief, Luxi Group, LLC does business in this judicial district.

68.     Defendant Nebraska Furniture Mark, Inc. is a corporation organized under the laws of Nebraska with its principal place of business at 700 South 72nd Street, Omaha, NE 68114.  Upon information and belief, Nebraska Furniture Mark, Inc. does business in this judicial district.

69.     Defendant Paragon Sporting Goods Co. LLC is a company organized under the laws of New York with its principal place of business at 867 Broadway, New York, NY 10003. Upon information and belief, Paragon Sporting Goods Co. LLC does business in this judicial district.

70.     Defendant PC Connection, Inc. is a corporation organized under the laws of Delaware with its principal place of business at 730 Milford Road, Merrimack, NH 03054.

71.     Defendant Public Broadcasting Service is a company organized under the laws of the District of Columbia with its principal place of business at 2100 Crystal Drive, Arlington, VA 22202.  Upon information and belief, Public Broadcasting Service does business in this judicial district.

72.     Defendant Redcats USA, Inc. is a corporation organized under the laws of Delaware with its principal place of business at 463 Seventh Avenue, New York, NY 10018.

73.     Defendant Robert E. Axelrod Associates, Inc. is a corporation organized under the laws of Pennsylvania with its principal place of business at 1140 Thomas Busch Memorial Hwy., Pennsauken, NH 08110.  Upon information and belief, Robert E. Axelrod Associates, Inc. does business in this judicial district.

74.     Defendant Ross-Simons, Inc. is a corporation organized under the laws of Rhode Island with its principal place of business at 9 Ross Simons Drive, Cranston, RI 02920.  Upon information and belief, Ross-Simons, Inc. does business in this judicial district.

75.     Defendant Brown Shoe Company, Inc. is a corporation organized under the laws of New York with its principal place of business at 8300 Maryland Avenue, St. Louis, MO 63105.  Upon information and belief, Brown Shoe Company does business in this judicial district.

76.     Defendant TABcom, LLC is a company organized under the laws of Pennsylvania with its principal place of business at 1 Maplewood Drive, Hazle Township, PA 18202.  Upon information and belief, TABcom, LLC does business in this judicial district.

77.     Defendant Toolfetch, LLC is a company organized under the laws of New York with its principal place of business at 689 Mamaroneck Avenue, 1st Floor, New York, NY 10543. Upon information and belief, Toolfetch, LLC does business in this judicial district.

78.     Defendant Under Armour, Inc. is a corporation organized under the laws of Maryland with its principal place of business at 1020 Hull Street, 3rd Floor, Baltimore, MD 21230, NY 10543.  Upon information and belief, Under Armour, Inc. does business in this judicial district.

79.     Defendant Ellison Systems, Inc. d/b/a Shoplet.com is a corporation organized under the laws of New York with its principal place of business at 90 Broad Street, 2nd Floor,

New York, NY 10004.  Upon information and belief, Ellison Systems, Inc. d/b/a Shoplet.com does business in this judicial district.

80.     Defendant Star Creations, Inc. d/b/a AJ Madison is a corporation organized under the laws of New York with its principal place of business at 1416 38th Street, Brooklyn, NY 11218.  Upon information and belief, Star Creations, Inc. d/b/a AJ Madison does business in this judicial district.

81.     Defendant J & R Electronics Inc. is a corporation organized under the laws of New York with its principal place of business at 23 Park Row, New York, NY 10038.  Upon information and belief, J & R Electronics Inc. does business in this judicial district.

82.     Defendant New Moosejaw, LLC is a company organized under the laws of Delaware with a principal place of business at 1209 N. Orange Street, Wilmington, DE 19801-1120.

## JURISDICTION AND VENUE

83.     This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.  This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).  Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and 1400(b).

84.     Defendants directly or through intermediaries, make, use, distribute, offer for sale or license, and advertise their products and services on the Internet using methods and instrumentalities that infringe the patents-in-suit, as is alleged below.  Defendants use, and/or direct, induce or instruct their agents, employees, customers, or contracting entities to use such infringing methods and instrumentalities, as is alleged below.  Upon information and belief, Defendants conduct business in this judicial district and have committed acts of patent

infringement in this judicial district including, *inter alia*, importing, making, using, offering for sale, and/or selling products and services on the Internet and using infringing methods and instrumentalities in this judicial district. Upon information and belief, Defendants have contributed to infringement and/or have induced others to commit such acts of infringement in this judicial district.

85.     On information and belief, Defendants have ongoing and systematic contacts with this judicial district and the United States. Defendants have purposefully placed and/or used infringing methods and instrumentalities on the Internet to sell products and/or services, knowing and expecting that such products and/or services would be used and/or sold on the Internet through infringing methods and instrumentalities by customers in the State of Delaware.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,128,617

86.     Select Retrieval repeats and realleges the allegations of paragraphs 1 through 85 as if fully set forth herein.

87.     On October 3, 2000, United States Patent No. 6,128,617 (the "'617 Patent"), entitled "DATA DISPLAY SOFTWARE WITH ACTIONS AND LINKS INTEGRATED WITH INFORMATION," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '617 Patent is attached as Exhibit A to this Complaint.

88.     Select Retrieval is the assignee and owner of the right, title, and interest in and to the '617 Patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

89.     Without license or authorization, Defendants are and have been directly and indirectly infringing the '617 Patent, and contributing to and actively inducing the infringement

14

of said patent by others, in the United States by making, using, selling, offering for sale or license, advertising and/or importing in the United States, including within this judicial district, their products and services on the Internet and using methods and instrumentalities that embody the inventions claimed in the '617 Patent.  Such acts constitute infringement under at least 35 U.S.C. §§ 271(a), (b), and (c).

90.    With the exceptions of BarnesandNoble.com LLC; Cabela's Incorporated; Wayfair LLC; Dell, Inc.; Liberty Media Corporation; Macy's, Inc.; Oriental Trading Company, Inc.; Overstock.com, Inc.; Quidsi, Inc.; Scholastic Corporation; Shoebuy.com, Inc.; Staples, Inc.; Systemax, Inc.; Toys "R" Us, Inc.; Wal-Mart Stores, Inc.; Philips Electronics North America Corporation; LG Electronics USA, Inc.; Sharp Electronics Corporation; Foot Locker, Inc.; Hayneedle, Inc.; L. L. Bean, Inc.; PC Connection, Inc.; and Redcats USA, Inc., Defendants have had knowledge of and/or been aware of the '617 Patent since at least August 29, 2011, when, in a letter sent via first class mail, Select Retrieval informed AmeriMark Direct LLC; Ann Inc.; BabyAge.com, Inc.; Barneys New York, Inc.; BJ's Wholesale Club, Inc.; Crocs, Inc.; Dick's Sporting Goods, Inc.; Dillard's, Inc.; eBags, Inc.; Express, LLC; GNC Holdings, Inc.; Green Mountain Coffee Roasters, Inc.; Hanover Direct, Inc.; Ice.com, Inc.; Karmaloop, Inc.; NFL Enterprises, LLC; NHL Enterprises, LP; PC Mall, Inc.; PetSmart, Inc.; Ritz Interactive, Inc.; SkyMall, Inc.; Tech for Less, LLC; Buckle, Inc.; The Sports Authority, Inc.; Tiffany & Co.; VS Holdings, Inc.; American Greetings Corporation; B & H Foto & Electronics Corp.; Bluefly, Inc.; Charming Shoppes, Inc.; Decorative Product Source, Inc.; Ross-Simons, Inc.; Brown Shoe Company, Inc.; TABcom, LLC; Under Armour, Inc.; Ellison Systems, Inc. d/b/a Shoplet.com; Star Creations, Inc. d/b/a AJ Madison; J & R Electronics Inc.; and New Moosejaw, LLC of their

infringement of the '617 Patent and requested that Defendants license the '617 Patent to mitigate their continued infringement.

91.     Defendants Bulbs.com Incorporated; CPA2Biz, Inc.; Eastern Mountain Sports, Inc.; J&P Cycles, LLC; Liquidity Services, Inc.; NBA Media Ventures, LLC; 1800Mattress.com, LLC; 3balls.com, Inc.; Christian Book Distributors, LLC; CompSource Inc.; Henry Modell & Company, Inc.; Kenneth Cole Productions, Inc.; Luxi Group, LLC; Nebraska Furniture Mark, Inc.; Paragon Sporting Goods Co., LLC; Public Broadcasting Service; Robert E. Axelrod Associates, Inc.; and Toolfetch, LLC have had knowledge of and/or been aware of the '617 Patent since at least August 19, 2011, when, in a letter sent via first class mail, Select Retrieval informed those Defendants of their infringement of the '617 Patent and requested that they license the '617 Patent in order to mitigate their continued infringement.

92.     On information and belief, Defendants' infringement of the '617 Patent has been and continues to be willful and deliberate.

93.     Select Retrieval has been damaged by Defendants' infringing activities.

## JURY DEMAND

94.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Select Retrieval demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, Select Retrieval respectfully demands judgment for itself and against Defendants as follows:

a.      That this Court adjudge that Defendants have infringed the '617 Patent;

b.      That this Court ascertain and award Select Retrieval damages sufficient to compensate it for the above infringement, and that the damages so ascertained be awarded to Select Retrieval with interest;

c.      That this Court find this case to be exceptional and award Select Retrieval its attorneys' fees, costs, and expenses in this action;

d.      That this Court order an accounting of all infringing acts including, but not limited to, those acts not presented at trial, and award Select Retrieval damages for any such acts; and

e.      That this Court award Select Retrieval such other relief as the Court may deem just and proper.


Dated:  September 13, 2011                STAMOULIS & WEINBLATT LLC

                                          */s/ Richard C. Weinblatt*
                                          Stamatios Stamoulis #4606
                                                 stamoulis@swdelaw.com
                                          Richard C. Weinblatt #5080
                                                 weinblatt@swdelaw.com
                                          Two Fox Point Centre
                                          6 Denny Road, Suite 307
                                          Wilmington, DE 19809
                                          Telephone:  (302) 999-1540

                                          *Attorneys for Plaintiff*
                                          *Select Retrieval, LLC*