IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SELECT RETRIEVAL, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 11-812 (LPS) |
| | ) | |
| AMERIMARK DIRECT LLC et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MOVING DEFENDANTS' OPENING BRIEF IN SUPPORT OF
THEIR MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

January 10, 2012

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................................ ii

I.   NATURE AND STAGE OF PROCEEDING ................................................................... 1

II.  SUMMARY OF THE ARGUMENT ............................................................................... 1

III. STATEMENT OF FACTS ................................................................................................ 3

 A.   The '617 Patent ..................................................................................................... 3

 B.   The FAC's Allegations ......................................................................................... 4

IV.  ARGUMENT ..................................................................................................................... 5

 A.   The Legal Standard On A Motion To Dismiss Pursuant To Rule 12(b)(6) ............ 5

 B.   Plaintiff Has Not Stated A Claim For Direct Infringement Because The FAC Fails To Identify Any Infringing Products .................................................... 6

 C.   Plaintiff Has Not Stated A Claim For Willful Infringement ............................... 10

  1.   The FAC Fails to Plead Predicate Liability ............................................. 10

  2.   The FAC Fails To Plead The Requisite Elements For Willful Infringement ............................................................................................. 11

V.   CONCLUSION ................................................................................................................ 12

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Abbott Labs. v. Sandoz, Inc.*,
    532 F. Supp. 2d 996 (N.D. Ill. 2007) ................................................................. 12

*Ashcroft v. Iqbal*,
    556 U.S. 662, 129 S. Ct. 1937 (2009) ............................................................. 1, 5

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ...................................................................................... 1, 5, 6

*Bender v. LG Elecs. USA, Inc.*,
    No. C 09-02114, 2010 WL 889541 (N.D. Cal. Mar. 11, 2010) ......................... 1, 7

*Cal. Inst. of Comp. Assisted Surgery, Inc. v. Med-Surgical Servs., Inc.*,
    No. 10-cv-02042, 2010 WL 3063132 (N.D. Cal. Aug. 3, 2010) ............................ 8

*Duhn Oil Tool, Inc. v. Cooper Cameron Corp*,
    609 F. Supp. 2d 1090 (E.D. Cal. 2009) ............................................................. 12

*Eastman Kodak Co. v. Agfa-Gevaert N.V.*,
    560 F. Supp. 2d 227 (W.D.N.Y. 2008) ............................................................. 12

*Eidos Commc'ns, LLC. v. Skype Tech. SA*,
    686 F. Supp. 2d 465 (D. Del. 2010) .......................................................... 7, 9, 10

*Eon Corp. IP Holdings LLC v. FLO TV Inc.*,
    --- F. Supp. 2d ---, 2011 WL 2708945 (D. Del. July 12, 2011) ........................... 6

*Fifth Market, Inc. v. CME Group*,
    C.A. No. 08-520 (GMS), 2009 WL 5966836 (D. Del. May 14, 2009) ...... 2, 7, 8, 11

*Golod v. Bank of Am. Corp.*,
    403 F. App'x 699 (3d Cir. 2010) ........................................................................ 6

*Hewlett-Packard Co. v. Intergraph Corp.*,
    No. C 03-2517, 2003 WL 23884794 (N.D. Cal. Sept. 6, 2003) ...................... 6, 10

*Honeywell Int'l Inc. v. Universal Avionics Sys. Corp.*,
    585 F. Supp. 2d 636 (D. Del. 2008) .................................................................. 12

*In re Seagate*,
    497 F.3d 1360 (Fed. Cir. 2007) ................................................................ 2, 11, 12

*Interval Licensing LLC v. AOL, Inc.*,
    No. C10-1385, 2010 WL 5058620 (W.D. Wash. Dec. 10, 2010)............................................7

*Jurgens v. CBK, Ltd.*,
    80 F.3d 1566 (Fed. Cir. 1996)..............................................................................................2

*Manildra Mill. Corp. v. Ogilvie Mills Inc.*,
    30 U.S.P.Q.2d 1012 (Fed. Cir. 1993) ............................................................................2, 11

*McZeal v. Sprint Nextel Corp.*,
    501 F.3d 1354 (Fed. Cir. 2007)............................................................................................6

*ONDEO Nalco Co. v. EKA Chems., Inc.*,
    C.A. No. 01-537 (SLR), 2002 WL 1458853 (D. Del. June 10, 2002) ................................2, 7

*Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.*,
    203 F.3d 790 (Fed. Cir. 2000)..........................................................................................5, 6

*SRI Int'l, Inc. v. Adv. Tech. Labs., Inc.*,
    127 F.3d 1462 (Fed. Cir. 1997).........................................................................................12

*Taurus IP, LLC v. Ford Motor Co.*,
    539 F. Supp. 2d 1122 (W.D. Wis. 2008)..............................................................................8

*Xpoint Techs., Inc. v. Microsoft Corp.*,
    730 F. Supp. 2d 349 (D. Del. 2010) ....................................................................................8

## RULES AND STATUTES

35 U.S.C. § 271(a) ...............................................................................................................4, 7

Fed. R. Civ. P. 8................................................................................................................Passim

Fed. R. Civ. P. 12(b)(6).......................................................................................................1, 5

## I.      NATURE AND STAGE OF PROCEEDING

On September 13, 2011, Plaintiff Select Retrieval, LLC ("Plaintiff" or "Select Retrieval") filed its Complaint for patent infringement against a diverse group of 80 unrelated defendants, alleging that each defendant directly and indirectly infringed U.S. Patent No. 6,128,617 ("the '617 Patent").  D.I. 1.  Shortly thereafter, on December 2, 2011, Plaintiff filed its First Amended Complaint ("FAC") against 78 of the 80 original defendants, alleging that all of the defendants directly infringe the '617 Patent through the use of their respective websites, and that infringement by 56 of the 78 named defendants is willful.  D.I. 28.  Pursuant to Fed. R. Civ. P. 12(b)(6), certain defendants (the "Moving Defendants") have moved to dismiss the FAC for failure to state a claim upon which relief may be granted.  This is the Moving Defendants' opening brief in support of that motion.

## II.     SUMMARY OF THE ARGUMENT

The FAC should be dismissed for failure to meet the pleading requirements of Fed. R. Civ. P. 8.  Under *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009), and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007), Select Retrieval must plead facts sufficient to show that it has a plausible claim for relief, which it has failed to do.

1.     The FAC fails to state a claim for direct infringement.  Specifically, the FAC fails to identify or describe:  (a) the underlying technology at issue, (b) which of the Moving Defendants' products allegedly infringe the '617 Patent, or (c) how those products allegedly do so.  *Bender v. LG Elecs. USA, Inc.,* No. C 09-02114, 2010 WL 889541, at *3 (N.D. Cal. Mar. 11, 2010).  To the contrary, the FAC merely recites identical, conclusory allegations with respect to all 78 named defendants, despite the disparate and unrelated nature of their respective businesses.  Such bald allegations are insufficient to state a claim for direct infringement, because they fail to give defendants fair notice of their allegedly wrongful acts.

*See ONDEO Nalco Co. v. EKA Chems., Inc.*, C.A. No. 01-537 (SLR), 2002 WL 1458853, at *1 (D. Del. June 10, 2002) ("[T]he pleadings are too vague to provide plaintiff with fair notice of which products are accused of infringing defendant's patents.").

2.      Because the FAC fails to state a claim for infringement, there also can be no willful infringement by the Moving Defendants.  *Manildra Mill. Corp. v. Ogilvie Mills Inc.*, 30 U.S.P.Q.2d 1012, 1017 (Fed. Cir. 1993) ("Since we conclude that we cannot upset the jury's verdict of noninfringement, we need not reach the issues of [defendant's] alleged inducement to infringe or its alleged willful infringement, since both allegations rely on a predicate finding of actual infringement, whether literal or by equivalents."); *Jurgens v. CBK, Ltd.,* 80 F.3d 1566, 1571 (Fed. Cir. 1996) (holding that the "first step in the willful infringement process" requires a finding of "predicate liability"); *cf. Fifth Market, Inc. v. CME Group,* C.A. No. 08-520 (GMS), 2009 WL 5966836, at *2 (D. Del. May 14, 2009) (finding defendants' motion to strike plaintiff's willfulness allegation moot because the Court had dismissed plaintiff's infringement claims for failure to state a claim).

3.      Moreover, the FAC also fails to plead the necessary elements for a claim of willful infringement.  As the Federal Circuit articulated in *In re Seagate Technology LLC,* willful infringement requires that the accused infringer acted with "objective recklessness," i.e., that the accused infringer disregarded "an objectively high likelihood that its actions constituted infringement of a valid patent."  497 F.3d 1360, 1371 (Fed. Cir. 2007) (*en banc*).  Here, Select Retrieval cannot plausibly claim that the Moving Defendants acted with "objective recklessness" where the FAC alleges only that the Moving Defendants were placed on notice of their alleged infringement of the '617 Patent less than one month before this action was filed.

## III.     STATEMENT OF FACTS

On September 13, 2011, Select Retrieval filed its original complaint against 80 unrelated defendants alleging direct and indirect infringement of the '617 Patent.   D.I. 1. Approximately three months later, on December 2, 2011, Select Retrieval amended its complaint to allege only direct infringement of the '617 Patent by 78 of the 80 original defendants.[1]   D.I. 28.   Select Retrieval also accuses, in a one-sentence paragraph, that 56 of the 78 named defendants willfully infringe *en masse* the '617 Patent based on a letter it had sent those defendants less than one month before filing suit.   *Id.* at ¶¶ 164-165.

### A.     The '617 Patent

The FAC does not contain a description of the technology or invention disclosed in the '617 Patent.   *See id.* at ¶ 84.   Nevertheless, according to the title of the '617 Patent, it relates to "Data Display Software With Actions and Links Integrated With Information."   D.I. 1, Ex. 1.   The claims are directed to a method and a "computer readable medium" for retrieving information from a database record.   *See id.* at col. 17, l. 5-23; col. 18, l. 9-29.   For example, independent claim 1 of the '617 Patent recites:

> A method of retrieving information from a database record having plural fields, comprising:
>
> rendering on a display screen plural successive integrated active information documents, each having one or more action control elements integrated into information in the document;
>
> obtaining control element selections of particular action control elements in the plural successive integrated active information documents, one or more of the action control elements corresponding to one or more fields of the database record; and

---

[1]   Original defendants BJ's Wholesale Club, Inc. and Philips Electronics North America Corporation were not named as defendants in the First Amended Complaint.

> forming a database query according to the action control element selections,
>
> whereby the information in subsequent ones of the successive intergrated [sic] active information documents corresponds to control element selections made from preceding ones of the intergrated [sic] active information documents.

*Id.* at col. 17, l. 5-23.  Independent claim 12 of the '617 Patent recites a "computer readable medium having thereon software instructions for retrieving information from a database record" whereby the "software instructions" perform steps that correspond to the steps recited in method claim 1.  *See id.* at col. 18, l. 9-29.

### B.    The FAC's Allegations

With respect to each individual defendant, the FAC contains only a single generic sentence alleging that:

> Without license or authorization, [Defendant] is and has been directly infringing the '617 Patent in the United States at least by making, using, owning, operating, and/or maintaining one or more websites, including but not limited to, www.[Defendant's website].com, that embody the inventions claimed in the '617 Patent.  Such acts constitute infringement under at least 35 U.S.C. § 271(a).

D.I. 28, ¶¶ 86-163.

The FAC contains no factual allegations as to how any defendant's respective website purportedly infringes the claims of the '617 Patent.  Nor does the FAC name, identify, or describe any accused products, software, or systems of the Moving Defendants that "embody the inventions claimed in the '617 Patent."  *See id.*  Indeed, the FAC does not even contain a description of the technology or invention disclosed in the '617 Patent.  *See id.* at ¶ 84.  Thus, the FAC recites nothing more than 78 identical, conclusory allegations of wrongdoing—i.e., that each defendant directly infringes the '617 Patent based solely and merely upon the use, operation, or ownership of a website.

## IV.    ARGUMENT

### A.    The Legal Standard On A Motion To Dismiss Pursuant To Rule 12(b)(6)

To state a claim under Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  As the Supreme Court has explained, the purpose of that requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly,* 550 U.S. at 555 (internal quotation marks and citation omitted); *see also Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.,* 203 F.3d 790, 794 (Fed. Cir. 2000) ("This [notice] requirement ensures that an accused infringer has sufficient knowledge of the facts alleged to enable it to answer the complaint and defend itself.").

To meet this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level.")  As such, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, *and a formulaic recitation of the elements of a cause of action will not do*." *Twombly*, 550 U.S. at 555 (internal quotation and alteration marks omitted) (emphasis added); *see also Iqbal,* 129 S. Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  Moreover, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation."

*Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted).  If there is insufficient factual content set forth in the complaint to state a claim after the court "correctly disregard[s the plaintiff's] legal conclusions," then the complaint fails to pass muster under Rule 8 and should be dismissed at the pleading stage.  *See Golod v. Bank of Am. Corp.*, 403 F. App'x 699, 702-03 (3d Cir. 2010).

### B.   Plaintiff Has Not Stated A Claim For Direct Infringement Because The FAC Fails To Identify Any Infringing Products

To state a claim for direct infringement, a patentee must "plead facts sufficient to place the alleged infringer on notice as to what he must defend."  *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007) (citing *Twombly*, 550 U.S. at 565 n.10).  "[T]his requirement ensures that an accused infringer has sufficient knowledge of the facts alleged to enable it to answer the complaint and defend itself."  *Hewlett-Packard Co. v. Intergraph Corp.*, No. C 03-2517, 2003 WL 23884794, at *1 (N.D. Cal. Sept. 6, 2003) (quoting *Phonometrics,* 203 F.3d at 794).  At a minimum, a plaintiff must plead the following elements, consistent with Fed. R. Civ. P. Form 18:  "(1) an allegation of jurisdiction; (2) a statement that plaintiff owns the patent; (3) a statement that defendant has been infringing the patent by 'making, selling, and using [the device] embodying the patent'; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages."  *Eon Corp. IP Holdings LLC v. FLO TV Inc.,* --- F. Supp. 2d ---, 2011 WL 2708945, at *2 (D. Del. July 12, 2011) (quoting *McZeal*, 501 F.3d at 1357).

The FAC fails to meet the pleading requirements of Rule 8 and Form 18 because it does not provide the Moving Defendants with fair notice of what Select Retrieval's claims are, or the grounds upon which those claims purportedly rest.  Importantly, the FAC's allegations of wrongdoing consist of a mere sentence for each Defendant—that is, each of paragraphs 86–163

is directed to a single Defendant, which reads (with bracketed portion tailored to each Defendant):

> Without license or authorization, [Defendant] is and has been directly infringing the '617 Patent in the United States at least by making, using, owning, operating, and/or maintaining one or more websites, including but not limited to, www.[Defendant's website].com, that embody the inventions claimed in the '617 Patent. Such acts constitute infringement under at least 35 U.S.C. § 271(a).

D.I. 28, ¶¶ 86-163.

These general, conclusory infringement allegations are insufficient to state a claim for direct infringement. As the Court held in *Fifth Market,* dismissal is proper where a plaintiff's infringement claims fail to "contain any reference to a single infringing product or method" that would provide the Moving Defendants "with fair notice regarding how [the Moving Defendants] infringe the patents-in-suit." *Fifth Market,* 2009 WL 5966836, at *1; *see also ONDEO,* 2002 WL 1458853, at *1 (dismissing defendant's counterclaims where "the pleadings are too vague to provide plaintiff with fair notice of which products are accused of infringing defendant's patents."); *Bender,* 2010 WL 889541, at *3 ("[W]ithout identifying specific products or product parts, [Plaintiff] has not put Defendants on notice as to what products or parts are subject to the infringement claim.").

Here, Select Retrieval does not identify or describe any specific products or services of the Moving Defendants that allegedly infringe the '617 Patent. *See Eidos Commc'ns, LLC. v. Skype Tech. SA,* 686 F. Supp. 2d 465, 467 (D. Del. 2010) (noting that, at a minimum, a complaint must set forth "a general class of products or a general identification of the alleged infringing methods."); *Interval Licensing LLC v. AOL, Inc.,* No. C10-1385, 2010 WL 5058620, at *3 (W.D. Wash. Dec. 10, 2010) ("Plaintiff's complaint does not satisfy Rule 8 or Form 18 because Plaintiff has failed to identify the infringing products or devices with any specificity.").

Nor does Select Retrieval identify or describe how each Moving Defendant's respective website allegedly "embod[ies] the inventions claimed in the '617 Patent." The FAC also fails to specify what portion or functionality of the Moving Defendants' websites, or what products sold thereon, allegedly infringe the '617 Patent. *See Cal. Inst. of Comp. Assisted Surgery, Inc. v. Med-Surgical Servs., Inc.,* No. 10-cv-02042, 2010 WL 3063132, at *2 (N.D. Cal. Aug. 3, 2010) (dismissing infringement allegations because plaintiff "fails to allege with any specificity what [the allegedly infringing product] is and how it infringes upon any of its four patents"); *Taurus IP, LLC v. Ford Motor Co.*, 539 F. Supp. 2d 1122, 1127 (W.D. Wis. 2008) (finding that plaintiff's broad allegations that defendants' "products and/or services including, without limitation, products that are available for configuration' at a few listed websites and at 'internal websites and dealer portals'" failed to satisfy the Rule 8(a)(2) pleading standard). Thus, the FAC contains nothing more than a mere allegation that each Moving Defendant infringes based upon "products or methods covered by the claims of the ['617 Patent]," which courts in this district have held to be insufficient to state a claim for direct infringement. *Xpoint Techs., Inc. v. Microsoft Corp.*, 730 F. Supp. 2d 349, 353-54 (D. Del. 2010) (explaining that merely alleging that a defendant infringes by "'making, using, selling, and/or offering for sale products and methods covered by the claims of' the asserted patents" is insufficient to state a claim (quoting *Fifth Market,* 2009 WL 5966836, at *2)).

Moreover, the FAC's allegations are wholly devoid of any detail that might provide a Moving Defendant with a clue as to how its respective website allegedly infringes the '617 Patent so that it may defend itself. Select Retrieval simply asserts that infringement exists based upon the use, operation, or ownership of a website. But, the FAC does not name, identify, or describe the accused products, software, or systems of the website that directly infringe, nor

does it provide any context for Select Retrieval's infringement claims.  Select Retrieval also fails to describe the "inventions claimed in the '617 Patent," or provide any insight as to how each Moving Defendant's respective website "embod[ies]" those purported inventions.  D.I. 28, ¶¶ 86-163.  Indeed, the word "website" or "webpage" does not even appear anywhere in the '617 Patent.  *See* D.I. 1, Ex. 1.  As such, it is unclear how the claims of the '617 Patent would apply to a Moving Defendant's respective website, and the FAC provides no detail regarding the particular method or medium covered by the '617 Patent or how each of the Moving Defendants' respective websites are alleged to infringe that particular claimed method or medium.  Simply put, Select Retrieval's mere identification of a Moving Defendant's entire website says nothing about how that website purports to infringe the '617 Patent's claimed method of (or claimed computer readable medium for) "retrieving information from a database record."  *Id.* at col. 17, l. 5-col. 18, l. 46 (listing the claims of the '617 Patent).

Each of the Moving Defendants sells many products, and the Moving Defendants all maintain separate websites, each having distinct functionalities.  Given the number of different products and services utilized in operating a website, it is impossible for the Moving Defendants to determine which of those products and services allegedly infringe the '617 Patent based on Select Retrieval's threadbare infringement allegations.[2]  As Judge Robinson held in *Eidos,* even if a defendant "offers only a single software product" and "a finite number of technologies," where "plaintiffs . . . ha[ve] at least one particular software system in mind[,]

---

[2]   Moreover, because the FAC's infringement allegations recite nothing more than a generic website address for each defendant, it is impossible for a Moving Defendant to determine whether the yet-to-be-identified accused product or service is provided by a third party and may be the basis for an indemnification claim.

plaintiffs must amend their pleading to include (at least) this information." 686 F. Supp. 2d at 468-69.

The FAC also fails to distinguish between any of the 78 named defendants and how their actions, together, in combination, or through some other relationship, make them liable to Select Retrieval. As such, the FAC is no more than a random listing of victims in a shotgun approach to ensnare as many defendants as possible with vague pleadings. Indeed, Select Retrieval did not even identify a single accused product, system, or functionality amongst the group of 78 unrelated defendants. Rather, the FAC asserts the same generic, conclusory allegation against all 78 named defendants—i.e., that they each infringe the '617 Patent based solely on their use or operation of a website.

At bottom, Select Retrieval's FAC simply does not provide the Moving Defendants with fair notice as to the allegedly wrongful acts committed. *See Hewlett-Packard Co.*, 2003 WL 23884794, at *1 (holding that where the complaint failed to identify any accused products and defendant offered 150 different types of products with more than 4,000 end-user applications, "the Court finds that Plaintiff's allegations do not provide Defendant with 'fair notice' of what Plaintiff's claim or claims are and, therefore, fail to satisfy Rule 8(a)(2).") Accordingly, because Select Retrieval's allegations fail to identify a single infringing product or service, or even a general class of products or services, the FAC should be dismissed for failing to state a claim of direct infringement.

## C. Plaintiff Has Not Stated A Claim For Willful Infringement

### 1. The FAC Fails to Plead Predicate Liability

Because the FAC fails to state a claim for direct infringement, Select Retrieval's willful infringement claim against the Moving Defendants should also be dismissed. This is because an allegation of willful infringement is necessarily predicated on a finding of actual

infringement.  *Manildra Mill.,* 30 U.S.P.Q.2d at 1017 (noting that a willful infringement allegation "rel[ies] on a predicate finding of actual infringement, whether literal or by equivalents.").   As demonstrated above, Select Retrieval fails to state a claim for direct infringement by any of the Moving Defendants, because the FAC's allegations do not give the Moving Defendants fair notice of Select Retrieval's infringement claims against them.  As such, there is no basis for Select Retrieval's willful infringement claim.  *See Fifth Market,* 2009 WL 5966836, at *1-2 (finding that defendants' motion to strike plaintiff's willful infringement claim was moot because plaintiff's complaint failed to state a claim for predicate infringement).

### 2.    The FAC Fails To Plead The Requisite Elements For Willful Infringement

Select Retrieval's willful infringement claim should also be dismissed because the FAC fails to plead the necessary elements of willful infringement.  Under the Federal Circuit's decision in *In re Seagate Technology,* to show willful infringement, there must be a showing of "objective recklessness."  *In re Seagate,* 497 F.3d at 1371.  That is, the patentee must show that the alleged infringer disregarded "an objectively high likelihood that its actions constituted infringement of a valid patent."  *Id.*

Here, the FAC fails to plead that the Moving Defendants acted with the requisite "objective recklessness."  *Id.*  At best, Select Retrieval alleges that it had sent a letter on August 19, 2011 to 18 of the 78 named defendants informing them of their alleged infringement of the '617 Patent, and that it had sent a similar letter on August 29, 2011 to 38 of the defendants.  D.I. 28, ¶ 164.  Based on those letters, sent less than a month (and in most instances, just two weeks) before Select Retrieval initiated this action on September 13, 2011, Select Retrieval asserts that these defendants' infringement "has been and continues to be willful and deliberate."  *Id.* at ¶ 165.  But, as several district courts have noted, "'[w]illful infringement is not established by the

simple fact of infringement,' even where the accused has knowledge of the patents." *Duhn Oil Tool, Inc. v. Cooper Cameron Corp,* 609 F. Supp. 2d 1090, 1094 (E.D. Cal. 2009) (quoting *Eastman Kodak Co. v. Agfa-Gevaert N.V.*, 560 F. Supp. 2d 227, 302 (W.D.N.Y. 2008) and citing *Honeywell Int'l Inc. v. Universal Avionics Sys. Corp.*, 585 F. Supp. 2d 636, 642 (D. Del. 2008)). Rather, "when a complaint is filed, a patentee must have a good faith basis for alleging willful infringement." *In re Seagate,* 497 F.3d at 1374 (citing Fed. R. Civ. P. 8 and 11(b)).

Select Retrieval has not met its burden of pleading that the Moving Defendants acted with "objective recklessness" by disregarding "an objectively high likelihood that its actions constituted infringement of a valid patent," where the earliest any of those defendants were put on notice of the '617 Patent was less than a month before this action was filed. There is no allegation as to how the Moving Defendants could have acted with reckless disregard by maintaining and operating their respective websites, which they were doing long before Select Retrieval sent its August 19 and August 29 letters. *See Abbott Labs. v. Sandoz, Inc.,* 532 F. Supp. 2d 996, 999-1000 (N.D. Ill. 2007) (noting that to show "objective reasonableness (which negates the existence of recklessness) . . . [an] infringer need only show there was a reasonable basis for him to believe his actions were legitimate." (citing *SRI Int'l, Inc. v. Adv. Tech. Labs., Inc.,* 127 F.3d 1462, 1464 (Fed. Cir. 1997)). This is not a case where, for example, the parties are market competitors and would have a reason to believe that their activities would potentially infringe each other's intellectual property. *See id.* Accordingly, because the FAC fails to plead that the Moving Defendants acted with the requisite "objective recklessness," Select Retrieval's claim for willful infringement should be dismissed.

## V.    CONCLUSION

For the foregoing reasons, the Moving Defendants respectfully request that the Court dismiss each of Plaintiff's claims against them.

*Attorneys for American Greetings*
*Corporation*

POTTER ANDERSON & CORROON LLP

*/s/ David E. Moore*

Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

OF COUNSEL:

George W. Rooney, Jr.
ROETZEL & ANDRESS
1375 E. 9th Street
One Cleveland Center, 9th Floor
Cleveland, OH 44114
(216) 623-0150

13

| | |
|---|---|
| *Attorneys for Amerimark Direct LLC* | BAYARD, P.A. |

*/s/ Stephen B. Brauerman*

Richard D. Kirk (#922)
Stephen B. Brauerman (#4952)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
(302) 429-4232
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com

| | |
|---|---|
| *Attorneys for Barneys New York, Inc.* | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |

*/s/ Julia Heaney*

Jack B. Blumenfeld (#1014)
Julie Heaney (#3052)
Jennifer Ying (#5550)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
jheaney@mnat.com
jying@mnat.com

OF COUNSEL:

Steven Bauer
Colin G. Cabral
PROSKAUER ROSE LLP
One International Place
Boston, MA 02110
(617) 526-9600

14

*Attorneys for Crocs, Inc.*                      POTTER ANDERSON & CORROON, LLP

                                                 */s/ David E. Moore*

                                                 ───────────────────────────────
                                                 Richard L. Horwitz (#2246)
                                                 David Moore (#3983)
                                                 1313 N. Market Street, Hercules Plaza, 6th Floor
                                                 P.O. Box 951
                                                 Wilmington, DE 19899-0951
                                                 (302) 984-6000
                                                 rhorwitz@potteranderson.com
                                                 dmoore@potteranderson.com

                                                 OF COUNSEL:

                                                 Natalie Hanlon-Leh
                                                 Jared B. Briant
                                                 Katie R. Schwalb
                                                 FAEGRE BAKER DANIELS
                                                 3200 Wells Fargo Center
                                                 1700 Lincoln Street
                                                 Denver, CO  80203-4532
                                                 (303) 607-3500

*Attorneys for eBags, Inc.*                      BARNES & THORNBURG LLP

                                                 */s/ E. Rebecca Workman*

                                                 ───────────────────────────────
                                                 David M. Powlen (#4978)
                                                 E. Rebecca Workman (#5404)
                                                 1000 N. West Street, Suite 1200
                                                 Wilmington, DE 19801
                                                 302-888-0301
                                                 david.powlen@btlaw.com
                                                 rebecca.workman@btlaw.com

                                                 OF COUNSEL:

                                                 Todd P. Blakely
                                                 Matthew R. Ellsworth
                                                 Bruce A. Kugler
                                                 SHERIDAN ROSS P.C.
                                                 1560 Broadway, Suite 1200
                                                 Denver, CO  80202
                                                 (303) 863-9700

*Attorneys for Express LLC*                MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                                          */s/ Julia Heaney*

                                          _____
                                          Jack B. Blumenfeld (#1014)
                                          Julie Heaney (#3052)
                                          Jennifer Ying (#5550)
                                          1201 North Market Street
                                          P.O. Box 1347
                                          Wilmington, DE 19899
                                          (302) 658-9200
                                          jblumenfeld@mnat.com
                                          jheaney@mnat.com
                                          jying@mnat.com

                                          OF COUNSEL:

                                          Thomas L. Duston
                                          MARSHALL, GERSTEIN & BORUN LLP
                                          233 South Wacker Drive
                                          6300 Willis Tower
                                          Chicago, IL 60606
                                          (312) 474-6300

*Attorneys for Karmaloop, Inc.*            PROCTOR HEYMAN LLP

                                          */s/ Patricia L. Enerio*

                                          _____
                                          Patricia L. Enerio (#3728)
                                          300 Delaware Avenue, Suite 200
                                          Wilmington, DE 19801
                                          (302) 472-7300
                                          penerio@proctorheyman.com

                                          OF COUNSEL:

                                          Merton E. Thompson
                                          BURNS & LEVINSON LLP
                                          125 Summer Street
                                          Boston, MA 02110
                                          (617) 345-3000

*Attorneys for Liquidity Services, Inc.*          MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ *Mary B. Graham*
_____
Mary B. Graham (#2256)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
mgraham@mnat.com

OF COUNSEL:

Jeffri A. Kaminski
VENABLE LLP
575 7th Street, NW
Washington, D.C. 20004
(202) 344-4048

*Attorneys for Macy's Inc.*          MORRIS JAMES LLP

/s/ *Kenneth L. Dorsney*
_____
Kenneth L. Dorsney (#3726)
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899-2306
(302) 888-6855
kdorsney@morrisjames.com

OF COUNSEL:

Kent E. Baldauf, Jr.
Bryan P. Clark
James Bosco
THE WEBB LAW FIRM
One Gateway Center
420 Fort Duquesne, Suite 1200
Pittsburgh, PA  15222
(412) 471-8815

17

*Attorneys for Overstock.com Inc.*          YOUNG, CONAWAY, STARGATT & TAYLOR
                                            LLP

                                            */s/ Karen L. Pascale*
                                            _____
                                            Karen L. Pascale (#2903)
                                            James L. Higgins (#5021)
                                            The Brandywine Building
                                            1000 West Street, 17th Floor
                                            P.O. Box 391
                                            Wilmington, DE 19899-0391
                                            302-571-6600
                                            kpascale@ycst.com
                                            jhiggins@ycst.com

                                            OF COUNSEL:

                                            John H. Barr, Jr.
                                            Christopher A. Shield
                                            John A. Yates
                                            Robert D. Ayers, Jr.
                                            BRACEWELL & GIULIANI LLP
                                            711 Louisiana Street, Suite 2300
                                            Houston, TX  77002-2770
                                            (713) 223-2300

18

*Attorneys for PC Connection Inc.*                    RICHARDS, LAYTON & FINGER, P.A.

                                                      */s/ Elizabeth R. He*

                                                      Frederick L. Cottrell, III (#2555)
                                                      Elizabeth R. He (#5345)
                                                      920 N. King Street
                                                      One Rodney Square
                                                      Wilmington, DE   19801
                                                      (302) 651-7700
                                                      cottrell@rlf.com
                                                      he@rlf.com

                                                      OF COUNSEL:

                                                      Matthew B. Lowrie
                                                      Aaron Moore
                                                      FOLEY & LARDNER LLP
                                                      111 Huntington Avenue, Suite 2600
                                                      Boston, MA 02199-7610
                                                      (617) 342-4000

*Attorneys for Redcats USA, Inc.*                     MORRIS JAMES LLP

                                                      */s/ Kenneth L. Dorsney*

                                                      Kenneth L. Dorsney (#3726)
                                                      500 Delaware Avenue, Suite 1500
                                                      P.O. Box 2306
                                                      Wilmington, DE 19899-2306
                                                      (302) 888-6855
                                                      kdorsney@morrisjames.com

                                                      OF COUNSEL:

                                                      Matias Ferrario
                                                      KILPATRICK TOWNSEND & STOCKTON LLP
                                                      1001 West Fourth Street
                                                      Winston-Salem, NC  27101-2400
                                                      (336) 607-7475

19

*Attorneys for Scholastic Corporation*        POTTER ANDERSON & CORROON LLP

*/s/ David E. Moore*

Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

OF COUNSEL:

Brian D. Siff
Paul C. Maier
DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, NY  10019-6708
(212) 277-6500

*Attorneys for Shoebuy.com, Inc. and Staples Inc.*        MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Julia Heaney*

Jack B. Blumenfeld (#1014)
Julie Heaney (#3052)
Jennifer Ying (#5550)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
jheaney@mnat.com
jying@mnat.com

*Attorneys for Under Armour, Inc.*          BALLARD SPAHR LLP

                                            */s/ Beth Moskow-Schnoll*
                                            _____
                                            Beth Moskow-Schnoll (#2900)
                                            919 North Market Street, 11th Floor
                                            Wilmington, DE 19801-3034
                                            (302) 252-4465
                                            moskowschnollb@ballardspahr.com

                                            OF COUNSEL:

                                            MAGINOT, MOORE & BECK LLP
                                            Harold C. Moore
                                            Michael A. Swift
                                            111 Monument Circle, Suite 3250
                                            Indianapolis, IN 46204
                                            (317) 638-2922