**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SELECT RETRIEVAL, LLC, § § Plaintiff, § § v. § § AMERIMARK DIRECT, LLC, *et al.*, § § Defendants. § | Civil Action No. 1:11-cv-00812-RGA **JURY TRIAL REQUESTED** |

**PLAINTIFF SELECT RETRIEVAL, LLC'S REPLY TO COUNTERCLAIMS
OF DEFENDANT KARMALOOP, INC.**

Plaintiff Select Retrieval, LLC ("Select Retrieval"), by and through its counsel, hereby submits this Reply in response to the Answer and Counterclaims of Defendant Karmaloop, Inc. ("Karmaloop" or "Defendant").

**COUNTERCLAIMS**

1. Karmaloop is a corporation organized under the laws of Delaware with its principal place of business at 131 Tremont Street, Boston, MA 02110.

**ANSWER:** Admitted.

2. Upon information and belief, Select Retrieval is a limited liability company organized under the laws of Texas with its principal place of business at 777 Enterprise Drive, Hewitt, Texas 76643.

**ANSWER:** Select Retrieval admits that it is a Texas limited liability company. Select Retrieval admits that its former principal place of business is in Hewitt, Texas and that its current principal place of business is 8416 Old McGregor Road, Waco, TX 76712.

3. Select Retrieval has asserted to hold all rights, title, and interest in and to United States Patent No. 6,128,617 (the "'617 patent").

**ANSWER:** Select Retrieval admits that it is the owner, by assignment of all rights, title, and interest in and to the '617 Patent.

4. Jurisdiction of this Court is based upon 28 U.S.C. §§ 1331, 1338(a), 1367, 2201 and 2202.

**ANSWER:** Admitted.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391, and is also based upon the filing by Select Retrieval of this action against Karmaloop in this District.

**ANSWER:** Select Retrieval admits that venue is proper in this district for this action only.

## COUNT I

## DECLARATION OF
## NON-INFRINGEMENT OF UNITED STATES PATENT NO. 6,128,617

6. Karmaloop repeats and re-avers each and every averment contained in its Answer and Defenses and in paragraphs 1-5 hereof as though fully set forth herein.

**ANSWER:** Select Retrieval incorporates by reference each of its responses to paragraphs 1 through 5 of this Reply as though fully set forth herein.

7. This is a counterclaim under the patent laws of the United States, specifically 35 U.S.C. §§ 100 *et seq.*, for a declaration that the '617 patent is not infringed by Karmaloop.

**ANSWER:** Admitted.

8. An actual controversy exists between Karmaloop and Select Retrieval as to the non-infringement of the '617 patent, as evidenced by, *inter alia*, the Complaint and Answer in this action.

**ANSWER:** Admitted.

9. Karmaloop has not infringed, induced the infringement of, or contributed to the infringement of, any claim of the '617 patent, and does not, and will not, so infringe.

**ANSWER:** Denied.

10. The aforesaid acts of Select Retrieval have caused, and unless enjoined by this Court, will continue to cause, irreparable damage, loss and injury to Karmaloop for which Karmaloop has no adequate remedy at law and for which Karmaloop is entitled to declaratory and injunctive relief.

**ANSWER:** Denied.

## COUNT II

## DECLARATION OF INVALIDITY OF UNITED STATES PATENT NO. 6,128,617

11. Karmaloop repeats and re-avers each and every averment contained in paragraphs 1 through 10 hereof as though set forth herein.

**ANSWER:** Select Retrieval incorporates by reference each of its responses to paragraphs 1 through 10 of this Reply as though fully set forth herein.

12. This is a counterclaim under the patent laws of the United States, specifically 35 U.S.C. §§ 100 *et seq.*, for a declaration that the '617 patent is invalid.

**ANSWER:** Admitted.

13. An actual controversy exists between Karmaloop and Select Retrieval as to the non-infringement of the '617 patent, as evidenced by, *inter alia*, the Complaint and Answer in this action.

**ANSWER:** Admitted.

14. The '617 patent is invalid for failure to meet with the requirements of, *inter alia*, Part II of the Title 35 of the United States Code.

**ANSWER:** Denied.

15. The aforesaid acts of Select Retrieval have caused, and unless enjoined by this Court, will continue to cause, irreparable damage, loss, and injury to Karmaloop for which Karmaloop has no adequate remedy at law and for which Karmaloop is entitled to declaratory and injunctive relief.

**ANSWER:** Denied.

Select Retrieval denies that Karmaloop is entitled to any of the relief sought against Select Retrieval in its Prayer for Relief and Counterclaims. In addition, to the extent necessary, Select Retrieval generally denies any allegation in the Counterclaims not specifically admitted above, and Select Retrieval re-alleges infringement, validity, enforceability, and damages, and denies any allegations in the Counterclaims adverse to the same. Furthermore, Select Retrieval specifically denies the allegations contained in the affirmative defenses Defendant has set forth in its Answer.

## AFFIRMATIVE DEFENSES

By way of further answer, as Affirmative Defenses to Defendant's Counterclaims, and without assuming any burden that it would not otherwise have, Select Retrieval states as follows:

## FIRST AFFIRMATIVE DEFENSE

Defendant's Counterclaims fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Select Retrieval expressly reserves the right to assert any other legal or equitable defenses to which it is entitled.

## PRAYER FOR RELIEF

WHEREFORE, in addition to the relief requested in its Complaint, Plaintiff Select Retrieval respectfully prays that this Court:

      A.      Dismiss Karmaloop's Counterclaims in their entirety with prejudice with respect to Select Retrieval, with Karmaloop taking nothing thereby;

      B.      Deny all of Karmaloop's Counterclaims against Select Retrieval;

      C.      Award Select Retrieval its costs and attorneys' fees incurred in defending against these Counterclaims; and

      D.      Award Select Retrieval any and all further relief as the Court may deem just and proper.

      Respectfully submitted,

Dated:  September 4, 2012

STAMOULIS & WEINBLATT LLC

*/s/ Richard C. Weinblatt*

Of Counsel:

Stamatios Stamoulis #4606
    stamoulis@swdelaw.com
Richard C. Weinblatt #5080
    weinblatt@swdelaw.com
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
Telephone:  (302) 999-1540

Steven R. Daniels (admitted *pro hac vice*)
    sdaniels@farneydaniels.com
Connie E. Merriett (admitted *pro hac vice*)
    cmerriett@farneydaniels.com
Farney Daniels LLC
800 South Austin Avenue, Suite 200
Georgetown, TX 78626
Telephone:  (512) 582-2828

*Counsel for Plaintiff*
*Select Retrieval, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 4, 2012, I electronically filed the above document(s) with the Clerk of Court using CM/ECF which will send electronic notification of such filing(s) to all registered counsel.

*/s/ Richard C. Weinblatt*
Richard C. Weinblatt #5080
