IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SELECT RETRIEVAL, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 11-812 (RGA) |
| | ) |
| AMERIMARK DIRECT, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

**STIPULATION AND ORDER GOVERNING E-DISCOVERY**

IT IS HEREBY STIPULATED AND AGREED, by and between the parties and by their respective undersigned counsel, subject to the approval of the Court, that the following provisions shall govern procedures for discovery of electronically-stored information ("ESI") in the above-captioned action.

**I.     General Provisions**

A.     **Preservation of Discoverable Information.**     A party has a common law obligation to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody or control.

i.     Absent a showing of good cause by the requesting party, the parties shall not be required to modify, on a going-forward basis, the procedures used by them in the ordinary course of business to back up and archive data; provided, however, that the parties shall preserve the non-duplicative discoverable information currently in their possession, custody or control.

ii.     Absent a showing of good cause by the requesting party, the categories of ESI identified in Schedule A attached hereto need not be preserved.

B.    **Attorney-Client Privilege and Work Product Protection**.

i.    The parties are to confer on the nature and scope of privilege logs for the case, including whether categories of information may be excluded from any logging requirements and whether alternatives to document-by-document logs can be exchanged.

ii.    With respect to information generated after the filing of the complaint, the parties are not required to include any such information in privilege logs.

iii.    Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

iv.    Parties shall confer on an appropriate non-waiver order under Fed. R. Evid. 502. Until a non-waiver order is entered, information that contains privileged matter or attorney work product shall be immediately returned if such information appears on its face to have been inadvertently produced or if notice is provided within 30 days of inadvertent production.

v.    The receiving party shall not use ESI that the producing party asserts is attorney-client privileged or work product protected to challenge the privilege or protection.

**II.    Initial Discovery**

A.    The parties shall make their initial discovery disclosures in accordance with Paragraph 3(a) of the Scheduling Order (D.I. 385).

B.    Absent a showing of good cause, follow-up discovery shall be limited to a term of 6 years before the filing of the complaint, except that discovery related to asserted prior art or the conception and reduction to practice of the inventions claimed in any patent-in-suit shall not be so limited.

2

## III.    Specific E–Discovery Issues

A.    **On-site inspection of electronic media.**    Such an inspection shall not be permitted absent a demonstration by the requesting party of specific need and good cause. This paragraph does not apply to source code.

B.    **Search methodology.**    If the producing party elects to use search terms to locate potentially responsive ESI (excluding e-mail), it shall disclose the search terms to the requesting party.    Absent a showing of good cause, a requesting party may request no more than 10 additional terms to be used in connection with the electronic search.    Focused terms, rather than over-broad terms (e.g., product and company names) shall be employed.

C.    **Format.**    ESI and non-ESI shall be produced to the requesting party as text searchable image files (e.g., TIFF).    When a text-searchable image file is produced, the producing party must preserve the integrity of the underlying ESI, i.e., the original formatting, the metadata (as noted below) and, where applicable, the revision history.    The parties shall produce their information in the following format:    single page TIFF images and associated multi-page text files containing extracted text or OCR with Concordance and Opticon load files containing all requisite information including relevant metadata.

D.    **Native files.**    The only files that should be produced in native format are files not easily converted to image format, such as Excel and Access files.

E.    **Metadata files.**    The parties are only obligated to provide the following metadata for all ESI produced, to the extent such metadata exists:    Custodian, File Path, Email Subject, Conversation Index, From, To, CC, BCC, Date Sent, Time Sent, Date Received, Time Received, Filename, Author, Date Created, Date Modified, MD5 Hash, File Size, File Extension, Control

3

Number Begin, Control Number End, Attachment Range, Attachment Begin, and Attachment End (or the equivalent thereof).

F.     **E-mail Discovery.**

i.     General requests for production of ESI under Fed. R. Civ. P. 34 and/or 45 shall not include e-mail or other forms of electronic correspondence (collectively "e-mail").

ii.     E-mail production shall be phased to occur after the parties have made their initial discovery disclosures under Paragraph 3(a) of the Scheduling Order (D.I. 385). Thereafter, the parties agree to confer in good faith regarding the specific categories of e-mail that are appropriate to produce and to develop corresponding search terms, including reasonable limits on the burden such request imposes on the producing party, and consistent with the other provisions of this stipulation.

iii.     The e-mail search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name(s), are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery.

G.     **Financial and Marketing Materials.** The parties agree to the production of final, rather than draft, marketing, licensing, and/or financial materials. The parties also agree to

4

the initial production of summary financial materials in lieu of all invoices, receipts, purchase

orders, etc.

STAMOULIS & WEINBLATT LLC

*/s/ Richard Charles Weinblatt*

Stamatios Stamoulis (#4606)
Richard Charles Weinblatt (#5080)
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
(302) 999-1540
stamoulis@swdelaw.com
weinblatt@swdelaw.com
*Attorneys for Select Retrieval LLC*

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Julia Heaney*

Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
Jennifer Ying (#5550)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
jheaney@mnat.com
jying@mnat.com
*Attorneys for Barneys New York Inc., Ross-Simons
of Warwick, Inc. and Staples, Inc.*

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Julia Heaney*

Mary B. Graham (#2256)
Julia Heaney (#3052)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
mgraham@mnat.com
jheaney@mnat.com
*Attorneys for American Greetings Corporation,
B & H Foto & Electronics Corp., Bluefly Inc.,
CPA2BIZ, Inc., Dillard's Inc., eBags, Inc.,
Hanover Direct Inc., J & P Cycles LLC, J & R
Electronics Inc., Oriental Trading Company Inc.
and Redcats USA Inc.*

5

ASHBY & GEDDES

*/s/ John G. Day*

John G. Day (#2403)
Tiffany Geyer Lydon (#3950)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
jday@ashby-geddes.com
tlydon@ashby-geddes.com
amayo@ashby-geddes.com
*Attorneys for Ann Inc., Brown Shoe Company Inc.,*
*Charming Shoppes Inc., Ellison Systems, Inc.*
*(d/b/a Shoplet.com), Green Mountain Coffee*
*Roasters Inc., and Skymall Inc.*

BALLARD SPAHR LLP

*/s/ Beth Moskow-Schnoll*

Beth Moskow-Schnoll (#2900)
919 North Market Street
12th Floor
Wilmington, DE 19801-3034
(302) 252-4465
moskowschnollb@ballardspahr.com
*Attorneys for Under Armour Inc.*

BAYARD, P.A.

*/s/ Stephen B. Brauerman*

Richard D. Kirk (#922)
Stephen B. Brauerman (#4952)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
(302) 655-5000
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com
*Attorneys for Amerimark Direct LLC*

COZEN O'CONNOR

*/s/ Joseph Bellew*

Barry Klayman (#3676)
Joseph Bellew (#4816)
1201 North Market Street
Suite 1400
Wilmington, Delaware 19801
(302) 295-2000
bklayman@cozen.com
jbellew@cozen.com
*Attorneys for Paragon Sporting Goods Co LLC*

FOX ROTHSCHILD LLP

*/s/ Gregory B. Williams*

Gregory B. Williams (#4195)
919 N. Market Street, Ste. 1300
Wilmington, DE 19801
(302) 622-4211
gwilliams@foxrothschild.com
*Attorneys for Wal-Mart Stores Inc.*

MORRIS JAMES LLP

*/s/ Kenneth L. Dorsney*

Richard K. Herrmann (#405)
Mary B. Matterer (#2696)
Kenneth L. Dorsney (#3726)
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899-2306
(302) 888-6855
rherrmann@morrisjames.com
mmatterer@morrisjames.com
kdorsney@morrisjames.com
*Attorneys for Macy's Inc.*

PEPPER HAMILTON LLP

*/s/ James G. McMillan*

Edmond D. Johnson (#2257)
James G. McMillan, III (#3979)
Hercules Plaza, Suite 5100
1313 N. Market Street
Wilmington, DE 19801
(302) 777-6500
johnsone@pepperlaw.com
mcmillanj@pepperlaw.com
*Attorneys for Babyage.com, Inc.*

POTTER ANDERSON & CORROON LLP

*/s/ David Ellis Moore*

Richard L. Horwitz (#2246)
David Ellis Moore (#3983)
Bindu A. Palapura
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
bpalapura@potteranderson.com
*Attorneys for Crocs Inc. and Scholastic
Corporation*

POTTER ANDERSON & CORROON LLP

*/s/ Philip A. Rovner*

Philip A. Rovner (#3215)
Jonathan A. Choa (#5319)
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com
jchoa@potteranderson.com
*Attorneys for Liberty Interactive Corp.*

8

PROCTOR HEYMAN LLP

*/s/ Meghan A. Adams*

Patricia L. Enerio (#3728)
Meghan A. Adams (#4981)
300 Delaware Avenue, Suite 200
Wilmington, DE 19801
(302) 472-7300
penerio@proctorheyman.com
madams@proctorheyman.com
*Attorneys for Karmaloop Inc.*

RICHARDS, LAYTON & FINGER, PA

*/s/ Elizabeth R. He*

Frederick L. Cottrell, III (#2555)
Elizabeth Rui He (#5345)
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 658-6541
cottrell@rlf.com
he@rlf.com
*Attorneys for PC Connection Inc.*

ROSENTHAL, MONHAIT & GODDESS, P.A.

*/s/ Carmella P. Keener*

Carmella P. Keener (#2810)
919 N. Market Street, Suite 1401
Wilmington, DE 19801
(302) 656-4433
ckeener@rmgglaw.com
*Attorneys for ToolFetch, LLC*

SWARTZ CAMPBELL LLC

*/s/ Nicholas E. Skiles*

Nicholas E. Skiles (#5066)
300 Delaware Avenue, Suite 1410
P.O. Box 330
Wilmington, DE 19801
(302) 656-5935
nskiles@swartzcampbell.com
*Attorneys for Hayneedle, Inc.*

9

YOUNG, CONAWAY, STARGATT & TAYLOR LLP

*/s/ Karen L. Pascale*

Karen L. Pascale (#2903)
James L. Higgins (#5021)
Rodney Square
1000 North King Street
Wilmington, DE 19801
302-571-6600
kpascale@ycst.com
jhiggins@ycst.com
*Attorneys for Overstock.com Inc.*

October 1, 2012

SO ORDERED, this _____ day of _____, 2012.

Richard G. Andrews
United States District Court Judge

10

## SCHEDULE A

1.      Deleted, slack, fragmented, or other data only accessible by forensics.

2.      Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

3.      On-line access data such as temporary internet files, history, cache, cookies, and the like.

4.      Data in metadata fields that are frequently updated automatically, such as last-opened dates.

5.      Back-up data that are substantially duplicative of data that are more accessible elsewhere.

6.      Voice messages.

7.      Instant messages that are not ordinarily printed or maintained in a server dedicated to instant messaging.

8.      Electronic mail or pin-to-pin messages sent to or from mobile devices (e.g., iPhone and Blackberry devices), provided that a copy of such mail is routinely saved elsewhere.

9.      Other electronic data stored on a mobile device, such as calendar or contact data or notes, provided that a copy of such information is routinely saved elsewhere.

10.     Logs of calls made from mobile devices.

11.     Server, system or network logs.

12.     Electronic data temporarily stored by laboratory equipment or attached electronic equipment, provided that such data is not ordinarily preserved as part of a laboratory report.

13.   Data remaining from systems no longer in use that is unintelligible on the systems in use.