IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SELECT RETRIEVAL, LLC, | ) |
| | ) |
| Plaintiff, | ) C.A. No. 11-812-RGA |
| | ) |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| ANN INC., et al., | ) |
| | ) |
| Defendants. | ) |

### ADOBE SYSTEMS INCORPORATED'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO INTERVENE, SEVER, AND STAY PROCEEDINGS PENDING ADJUDICATION OF ADOBE'S DECLARATORY JUDGMENT ACTION

OF COUNSEL:

Charlene M. Morrow
Virginia K. DeMarchi
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Tel: (650) 988-8500

David M. Lacy Kusters
Erin Simon
FENWICK & WEST LLP
555 California Street
San Francisco, CA 94104
Tel: (415) 875-2300

Richard L. Horwitz (#2246)
David E. Moore (#3983)
Bindu A. Palapura (#5370)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
bpalapura@potteranderson.com

*Attorneys for Defendant Adobe Systems Incorporated*

Dated: January 10, 2013
1089431 / 39489

# TABLE OF CONTENTS

| | | | Page |
|---|---|---|---|
| I. | INTRODUCTION | | 1 |
| II. | ARGUMENT | | 1 |
| | A. | Adobe Should Be Permitted to Intervene as of Right | 1 |
| | | 1. Adobe's Motion Is Timely Because This Case Is in Its Infancy | 1 |
| | | 2. Adobe Has a Significantly Protectable Interest Because Its Technology Has Been Placed at Issue in This Case | 2 |
| | | 3. Failure to Permit Intervention to Allow Adobe to Seek a Stay Will Impair Adobe's Ability to Protect Its Interests | 3 |
| | | 4. Adobe's Customers Do Not Adequately Represent Adobe's Interests in This Case | 4 |
| | B. | Alternatively, Adobe Should Be Permitted to Permissively Intervene | 4 |
| | C. | The Claims Against Adobe's Customers Should Be Severed Due to Improper Joinder | 5 |
| | D. | Adobe's Request for a Stay Should Be Granted Because This Case Falls Under the Customer Suit Exception | 5 |
| | E. | The Court Should Exercise Its Discretion to Stay Select Retrieval's Claims Against Adobe's Customers | 8 |
| | | 1. A Stay of the Claim Against Adobe's Customers Will Promote Judicial Economy and Streamline the Litigation | 8 |
| | | 2. A Stay of the Proceedings Will Not Prejudice Select Retrieval | 9 |
| | | 3. A Stay Serves Adobe's Interest in Protecting Its Business and Its Customers from Meritless Infringement Claims | 10 |
| III. | CONCLUSION | | 10 |

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Card Activation Techs. v. Pier 1 Imps.*,
No. 09-cv-2021, 2009 U.S. Dist. LEXIS 83107 (N.D. Ill. Sept. 14, 2009) .......................... 6, 7

*Delphi Corp. v. Auto Techs. Int'l, Inc.*,
No. 08-cv-11048, 2008 U.S. Dist. LEXIS 56463 (E.D. Mich. Jul. 25, 2008) .......................... 7

*Honeywell Int'l v. Audiovox Commc'ns Corp.*,
C.A. No. 04-cv-1337, 2005 U.S. Dist. LEXIS 22933 (D. Del. May 18, 2005) ................. 3, 6, 7

*In re EMC Corp.*,
677 F.3d 1351 (Fed. Cir. 2012) .......................................................................................... 5

*Kahn v. General Motors*,
889 F.2d 1078 (Fed. Cir. 1989) ....................................................................................... 5, 6

*Katz v. Lear Siegler, Inc.*,
909 F.2d 1459 (Fed. Cir. 1990) ..................................................................................*passim*

*Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*,
342 U.S. 180 (1952) ........................................................................................................... 8

*Landis v. N. Am. Co.*,
299 U.S. 248 (1936) ......................................................................................................... 10

*LG Display Co. v. AU Optronics Corp.*,
C.A. No. 06-cv-726, 2010 U.S. Dist. LEXIS 137396 (D. Del. Dec. 29, 2010) ..................... 4

*Oplus Techs. v. Sears Holding Corp.*,
No. 11-cv-8539, 2012 U.S. Dist. LEXIS 83597 (N.D. Ill. Jun. 15, 2012) ............................. 7

*Ricoh Co. v. Aeroflex, Inc.*,
279 F. Supp. 2d 554 (D. Del. 2003) .................................................................................. 7, 9

*Spread Spectrum Screening, LLC v. Eastman Kodak Co.*,
657 F.3d 1349 (Fed. Cir. 2011) .......................................................................................... 6

*St. Joe Co. v. Transclean Offshore Deepwater Drilling, Inc.*,
774 F. Supp. 2d 596 (D. Del. 2011) .................................................................................... 8

# TABLE OF AUTHORITIES
(continued)

Page(s)

*Tegic Commc'ns Corp. v. Bd. of Regents of Univ. of Tex. Sys.*,
  458 F.3d 1335 (Fed. Cir. 2006) .................................................................................. 6

*Teleconference Sys. v. Proctor & Gamble Pharms., Inc.*,
  676 F. Supp. 2d 321 (D. Del. 2009) ........................................................................... 6

*Transclean Corp. v. Jiffy Lube Int'l, Inc.*,
  474 F.3d 1298 (Fed. Cir. 2007) .................................................................................. 9

*United States v. Alcan Aluminum, Inc.*,
  25 F.3d 1174 (3d Cir. 1994) ....................................................................................... 1

**STATUTES AND RULES**

Fed. R. Civ. P. 24(b) ............................................................................................................ 4

## I. INTRODUCTION

Adobe should be permitted to intervene and to obtain a severance and stay of the claims against its customers, Macy's, Hayneedle, Ross-Simons, and Charming Shoppes, pending resolution of Adobe's declaratory judgment action against plaintiff Select Retrieval. *See Adobe Sys., Inc. v. Select Retrieval, LLC*, No. 12-cv-2342 (S.D. Cal. filed Sept. 25, 2012); D.I. 536, DeMarchi Decl., Ex. A. Select Retrieval opposed Adobe's motion on the grounds that Adobe does not supply the accused functionality, and that Adobe's customers independently infringe. But this argument contradicts Select Retrieval's own statements made in court filings in one of its other actions on the same patents, in which it accuses Adobe of supplying the "infringing functionality." D.I. 536, DeMarchi Decl., Ex. H at 19. Select Retrieval's complaints of prejudice are also belied by its prior consent to consolidation of its many actions into a single MDL proceeding; it described that approach as "convenient and efficient." *Id.*, Ex. I at 1.

## II. ARGUMENT

### A. Adobe Should Be Permitted to Intervene as of Right

#### 1. Adobe's Motion Is Timely Because This Case Is in Its Infancy

Timeliness is not a robotic calculation of how many months have passed since the filing of the complaint; it is a question of how far the case has progressed and what has occurred in the interim. *United States v. Alcan Aluminum, Inc.*, 25 F.3d 1174, 1181 (3d Cir. 1994) ("[T]imeliness is not just a function of counting days; it is determined by the totality of the circumstances."). In urging the Court to find this motion untimely, Select Retrieval ignores the fact that on April 20, 2012, before all of the parties had even answered the amended complaint, a group of defendants filed a motion with the MDL panel to consolidate the many Select Retrieval cases and transfer them to a single forum. D.I. 536, DeMarchi Decl., Ex. C at 6–10. Select Retrieval took no substantive action in this case while this motion was pending. *See* D.I. 261–

D.I. 355. A consolidated MDL proceeding would have served many of the same interests Adobe seeks to advance by the present motion to intervene and stay, including Adobe's interests in the efficient resolution of issues of fact and law common to all of its customers. Within two months following denial of the motion to consolidate on August 8, 2012, Adobe filed a declaratory judgment action against Select Retrieval and began moving to stay Select Retrieval's claims against Adobe's customers. *See id.*, Ex. G at 1–2.

Contrary to Select Retrieval's assertions, discovery has been very limited in this case. The parties did not even begin document production until September 2012, and the fact discovery deadline is not until November 2013. *See* D.I. 385; D.I. 509; D.I. 510; D.I. 512. Select Retrieval has demonstrated a lack of urgency in prosecuting its claims against the defendants by repeatedly extending deadlines both before and after the motion to consolidate was filed with the MDL panel. *See, e.g.*, D.I. 13–D.I. 22; D.I. 290–D.I. 299; D.I. 427–D.I. 430. In these circumstances, Adobe's motion to intervene is timely and will not delay this case or prejudice the parties.

## 2. Adobe Has a Significantly Protectable Interest Because Its Technology Has Been Placed at Issue in This Case

Select Retrieval itself has taken the position that Adobe provides the functionality that Select Retrieval contends infringes the '617 patent. D.I. 536, DeMarchi Decl., Ex. H at 19. Having made an explicit accusation against Adobe's technology, Select Retrieval now argues that Adobe has no protectable interest worthy of intervention. *See* D.I. 553, Opp. at 6–7. But there is no requirement that Adobe accept an indemnity obligation to have such an interest. Rather, Adobe's interest is rooted in protecting its technology and its many customers who use its technology. The Federal Circuit has recognized that a manufacturer has strong interests in "protect[ing] its customers" and in "avoid[ing] the damaging impact of adverse rulings against its products." *See Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990).

Select Retrieval argues that the dismissal of a prior declaratory judgment action filed by Adobe in an unrelated patent action, *Adobe Sys., Inc. v. Kelora Sys., LLC*, No. 11-cv-3938, 2011 U.S. Dist. LEXIS 140675 (N.D. Cal. Dec. 7, 2011), supports Select Retrieval's position that an indemnification obligation is required. *See* D.I. No. 553, Opp. at 6–7. This argument is based on a mischaracterization of *Kelora*. The *Kelora* court did grant Kelora's motion to dismiss Adobe's *original* declaratory judgment complaint, but Adobe subsequently *amended* its complaint (with leave of court) to plead facts similar to those Adobe now pleads against Select Retrieval. *See* Supplemental Declaration of Virginia DeMarchi ("Supp. DeMarchi Decl."), Ex. A. The Court permitted the action to proceed on the amended complaint, which Kelora answered—a fact Select Retrieval conspicuously omits from its discussion of the matter. *See id.*, Ex. B.

Select Retrieval also argues disingenuously that "infringement of the '617 patent is . . . likely unrelated to the Adobe Digital Marketing Software." D.I. 553, Opp. at 7. But Select Retrieval itself has named Adobe as a "vendor[] and/or supplier[] of the infringing functionality used on [the defendants'] websites." D.I. 536, DeMarchi Decl., Ex. H at 19. Even if Adobe does not supply the entirety of the accused functionality, Adobe nevertheless has a significantly protectable interest in the defense of the claims against its customers in this action. *See Honeywell Int'l v. Audiovox Commc'ns Corp.*, C.A. No. 04-1337, 2005 U.S. Dist. LEXIS 22933, at *12 (D. Del. May 18, 2005) (holding that even a manufacturer of a component of an accused product had a "compelling interest" in the litigation concerning the product).

### 3. Failure to Permit Intervention to Allow Adobe to Seek a Stay Will Impair Adobe's Ability to Protect Its Interests

Select Retrieval argues in favor of piecemeal litigation in separate actions against Adobe's many customers on the ground that a finding of infringement against one customer will not have preclusive effect against the others or Adobe. D.I. 553, Opp. at 7. If, as Select

Retrieval contends, Adobe supplies the "infringing functionality," Adobe's interests will necessarily be impaired by piecemeal litigation and inconsistent holdings in different actions.

### 4. Adobe's Customers Do Not Adequately Represent Adobe's Interests in This Case

Select Retrieval argues that there is a presumption that Adobe's customers adequately represent Adobe's interests because they have "the same ultimate objective." D.I. 553, Opp. at 8. But there is no such presumption here. Adobe's customers, understandably, may only wish to obtain a judgment on their own uses of Adobe's product, while Adobe is interested in eliminating the taint of this infringement accusation from all uses of its product for all customers. Macy's, Hayneedle, Ross-Simons, and Charming Shoppes cannot be expected to make all arguments that Adobe would assert, and they will not be able to make some of Adobe's arguments because they lack a deep understanding of Adobe's technology, and do not have Adobe's access to its technical documents and product developers. They also may be unwilling to make some arguments for strategic reasons, or because their concerns reflect their narrower interests.

### B. Alternatively, Adobe Should Be Permitted to Permissively Intervene

Because Adobe's motion is timely and its claims share common questions of fact and law with this action, Adobe should be permitted to permissively intervene under Rule 24(b). *See LG Display Co. v. AU Optronics Corp.*, C.A. No. 06-cv-726, 2010 U.S. Dist. LEXIS 137396, at *5–6 (D. Del. Dec. 29, 2010). As described above, Select Retrieval's objections to the timing of Adobe's motion do not bear scrutiny. *See* D.I. 553, Opp. at 10. Its argument that Adobe lacks independent jurisdictional grounds is also without merit. This Court has jurisdiction over Adobe's claims for the same reasons that it has jurisdiction over the claims against Adobe's customers. Moreover, the Third Circuit has not recognized a "case or controversy" requirement for intervention. Select Retrieval cites no authority to the contrary.

### C. The Claims Against Adobe's Customers Should Be Severed Due to Improper Joinder

Select Retrieval also cites no authority for its conclusory argument that severance is unwarranted. *See* D.I. 553, Opp. at 10. Severing improperly joined claims, as an aid to staying the claims against Adobe's customers, is well within this Court's discretion. Select Retrieval argues that "[j]oinder [of the defendants] is proper in this case, in light of the common issues of law and fact . . . ." *Id.* at 10 n.4. But "the mere fact that infringement of the same claims of the same patent is alleged does not support joinder." *In re EMC Corp.*, 677 F.3d 1351, 1357 (Fed. Cir. 2012). This Court may remedy this misjoinder by severing the claims against Adobe's customers from the claims against the other defendants in this action.

### D. Adobe's Request for a Stay Should Be Granted Because This Case Falls Under the Customer Suit Exception

The "customer suit" exception permits courts to give priority to a second-filed manufacturer action because the manufacturer is the "true defendant" when its customers are sued. *Katz*, 909 F.2d at 1464. Select Retrieval's reliance on *Kahn v. General Motors*, 889 F.2d 1078 (Fed. Cir. 1989) is misplaced. *See* D.I. 553, Opp. at 15. In *Kahn*, the Federal Circuit did hold that the customer suit exception applies when "the second action would resolve all charges against the customers in the stayed suit." 889 F.2d 1078, 1081 (Fed. Cir. 1989). But less than one year later, the Federal Circuit explained that the customer suit exception should be applied even if "there may be additional issues involving the [customer] defendants" that would not be resolved in the manufacturer suit, so long as the later-filed suit would result in a "resolution of the major issues." *Katz*, 909 F.2d at 1464. The Federal Circuit recently "clarified that the manufacturer's case need only have the potential to resolve 'major issues' concerning the claims against the customer[s]—not every issue—in order to justify a stay of the customer suits," and reversed a district court decision that adopted the same reasoning Select Retrieval advocates

here. *Spread Spectrum Screening, LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1358 (Fed. Cir. 2011) (citing *Katz*, 909 F.2d at 1464). *Spread Spectrum* and *Katz* are controlling, and *Kahn* and any pre-*Spread Spectrum* cases relying on *Kahn*, including *Teleconference Sys. v. Proctor & Gamble Pharms., Inc.*, are no longer good law on this point. *See Teleconference Sys.*, 676 F. Supp. 2d 321, 328 (D. Del. 2009) (relying on *Kahn*).

The "factors" that Select Retrieval lists as having been "identified" by the Federal Circuit are not rules dictated by that court, but merely attorney arguments made in *Tegic Commc'ns Corp. v. Bd. of Regents of Univ. of Tex. Sys.*, 458 F.3d 1335, 1343 (Fed. Cir. 2006). The patent holder argued that the exception should not apply because (1) the customer in that case was not a "mere reseller," (2) the customer had not agreed to be bound by a judgment, and (3) the manufacturer was not the only source of the accused product. *Id.* The *Tegic* Court did not adopt these arguments, but rather refused to grant a stay because the manufacturer had failed to demonstrate that a stay would increase efficiency. *Id.* The "factors" on which Select Retrieval so heavily relies are inconsistent with established law, and have been rejected by other district courts that have considered similar arguments. *See Card Activation Techs. v. Pier 1 Imps.*, No. 09-cv-2021, 2009 U.S. Dist. LEXIS 83107, at *7, 13 (N.D. Ill. Sept. 14, 2009) (citing *Tegic*, 458 F.3d at 1343, and rejecting similar arguments). These arguments are equally unpersuasive here.

First, whether a customer is a "mere reseller" is not, and has never been, a litmus test for application of the customer suit exception to the first-filed rule. For example, the exception may apply when the customer merely incorporates a manufacturer's component into its own product before sale. *Honeywell*, 2005 U.S. Dist. LEXIS 22933, at *12 (staying a case under the customer suit exception in favor of a manufacturer's action where the manufacturer provided a mere component of an accused product). In addition, and contrary to Select Retrieval's assertions, the

exception is routinely applied when a customer is accused of practicing a patented method. *Card Activation*, 2009 U.S. Dist. LEXIS 83107, at *8–9 (finding defendant's "conten[tion] that the customer suit exception does not apply to method patents . . . without merit"); *Ricoh Co. v. Aeroflex, Inc.*, 279 F. Supp. 2d 554, 556 (D. Del. 2003) (giving preference to a later-filed manufacturer suit where plaintiff alleged infringement of method claims); *Oplus Techs. v. Sears Holding Corp.*, No. 11-cv-8539, 2012 U.S. Dist. LEXIS 83597, at *11 (N.D. Ill. Jun. 15, 2012) (staying claims against a customer in a case involving method patents); *Delphi Corp. v. Auto Techs. Int'l, Inc.*, No. 08-cv-11048, 2008 U.S. Dist. LEXIS 56463, at *13–14 (E.D. Mich. Jul. 25, 2008) (granting a stay because "Delphi as manufacturer has primary and final control of any design and manufacturing *process* that might infringe upon [plaintiff's] patents") (emphasis added). The cases cited by Select Retrieval on this point are not in line with prevailing authority, and are inconsistent with the policy behind the customer suit exception—namely, that "the manufacturer is the true defendant in the customer suit," regardless of the type of patent claim asserted. *Katz*, 909 F.2d at 1464; *see Card Activation*, 2009 U.S. Dist. LEXIS 83107, at *8.

Second, the customer-defendant's agreement to be bound by any decision in favor of the patent owner is not a prerequisite for application of the customer suit exception. In *Katz*, the customers did not agree that they would be so bound, but the Federal Circuit nevertheless affirmed the grant of a stay of a first-filed suit because a stay promoted efficient resolution of the dispute. 909 F.2d at 1464. Nor must the manufacturer be the sole source of all accused elements in a technology solution for the exception to apply. The *Honeywell* court granted a stay under the customer suit exception even though the manufacturer only supplied a component of the accused product. 2005 U.S. Dist. LEXIS 22933, at *12. In any event, Select Retrieval's argument that "Defendants provide infringing services independently of Adobe" is unsupported

Case 1:11-cv-00812-RGA Document 566 Filed 01/10/13 Page 12 of 20 PageID #: 3893

and conclusory. D.I. 553, Opp. at 18. Select Retrieval has already described Adobe as a "vendor[] and/or supplier[] of the infringing functionality" with respect to the '617 patent; it is too late for Select Retrieval to claim that Adobe's technology is not implicated in this case. D.I. 536, DeMarchi Decl., Ex. H at 19. Adobe's customers concur. They have contended that Adobe's Digital Marketing technology is the source of the accused functionalities. *See* D.I. 537, Hammond Decl., Ex. A; Ex. B; Ex. C at 1; Ex. E at 1.

### E. The Court Should Exercise Its Discretion to Stay Select Retrieval's Claims Against Adobe's Customers

As Adobe explained in its opening brief, even if this case does not fall within the customer suit exception, this Court has broad discretion to stay proceedings to avoid unnecessary effort and expense, as well as to promote the interests of justice. *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183–84 (1952). Three factors should inform this Court's exercise of discretion: whether a stay would (i) promote judicial economy; (ii) unfairly prejudice the non-moving party; and (iii) protect the moving party's interests. *See St. Joe Co. v. Transclean Offshore Deepwater Drilling, Inc.*, 774 F. Supp. 2d 596, 600 (D. Del. 2011).

#### 1. A Stay of the Claim Against Adobe's Customers Will Promote Judicial Economy and Streamline the Litigation

A stay will permit the major issues raised by Select Retrieval's claims against Adobe's many customers to be decided in a single action in a single district. Because Adobe is the designer of the technology that both Select Retrieval and Adobe's customers contend provides the accused functionalities, Adobe is in the unique position of being the only party able to fully defend its software against Select Retrieval's claims. Furthermore, a stay will also prevent duplicative work on the part of Adobe, Macy's, Hayneedle, Ross-Simons, Charming Shoppes, and even Select Retrieval. Indeed, Select Retrieval has recognized the benefits of a consolidated approach to its many claims. *See* D.I. 536, DeMarchi Decl., Ex. I at 1. If the customer suits are

not stayed in favor of Adobe's declaratory judgment action, numerous courts will concurrently determine construction, infringement, and invalidity, guaranteeing duplicative work by the parties and courts, and risking inconsistent decisions.

Adobe's declaratory action will also exhaust the customer defendants' liability for damages. *See Transclean Corp. v. Jiffy Lube Int'l, Inc.*, 474 F.3d 1298, 1303, 1308 (Fed. Cir. 2007); *Ricoh*, 279 F. Supp. 2d at 558. In *Ricoh*, for example, the infringement claims against the customer defendants were "claims against the ordinary use" of the manufacturer's software, which the plaintiff alleged practiced a patented method. 279 F. Supp. 2d at 558. In applying the customer suit exception, the *Ricoh* court held that the customers would be "immunized from liability" if the software was found to infringe in the later-filed declaratory action because the manufacturer would "be forced to pay damages or license the [method] patent." *Id.* Adobe's situation is analogous to that of the manufacturer in *Ricoh*. Adobe's customers use its technology in an "ordinary" way—to provide search technologies on their e-commerce websites. Adobe need not "dictate[] or ha[ve] knowledge of details" of its customers' use of its products. It is enough that Adobe supplies technology that, according to Select Retrieval, provides the accused functionality. *See* D.I. 553, Opp. at 19.

### 2. A Stay of the Proceedings Will Not Prejudice Select Retrieval

Select Retrieval cannot convincingly argue that a stay of the claims against Adobe's customers will "unfairly prejudice[e]" it, when Select Retrieval itself has recognized the benefits of deciding major issues in a single action. *See* D.I. 553, Opp. at 3; DeMarchi Decl., Ex. I at 1. Moreover, discovery has only just commenced in this case, and the fact discovery deadline is over ten months away. *See* D.I. 385; D.I. 509; D.I. 510; D.I. 512. Select Retrieval will not be prejudiced in obtaining discovery necessary to prosecute its claims, as it contends. *See* D.I. 553, Opp. at 13–14. Adobe is the party with relevant, detailed technical information for the

functionality Select Retrieval says infringes its patents. The discovery mechanisms available are more than sufficient for Select Retrieval to obtain discovery required from Adobe's customers.

Select Retrieval cites *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936), for its claim that "Adobe bears the burden of demonstrating that there is not even a 'fair possibility' of damage to Select Retrieval." *See* D.I. 553, Opp. at 13. But *Landis* does not support Select Retrieval's position. *Landis* states that, *if* granting a stay would result in a "fair possibility" of prejudice to the non-moving party, *then* the moving party must demonstrate that the failure to stay would cause harm. 299 U.S. at 255. Adobe need not disprove the possibility of damage to Select Retrieval; rather, Select Retrieval must affirmatively show that such a possibility exists. Even if Select Retrieval could make this showing (which, as explained above, it cannot), permitting these customer cases to proceed in multiple jurisdictions, and forcing Adobe and its customers to suffer the risk and uncertainty of inconsistent decisions, would be inequitable. Adobe filed the declaratory judgment action precisely for this reason.

### 3. A Stay Serves Adobe's Interest in Protecting Its Business and Its Customers from Meritless Infringement Claims

Select Retrieval does not dispute that Adobe has an interest in protecting its customers as well as an interest in avoiding adverse rulings against its technology. *See Katz*, 909 F.2d at 1464. In fact, Select Retrieval offers no analysis whatsoever on this factor. Adobe's strong interest in protecting its customers and product would be frustrated by piecemeal litigation against Adobe's individual customers in multiple different forums.

### III. CONCLUSION

Adobe respectfully requests that the Court grant Adobe's motion to intervene, and that it sever and stay the claims against Macy's, Hayneedle, Ross-Simons, and Charming Shoppes until conclusion of Adobe's declaratory judgment action.

OF COUNSEL:

Charlene M. Morrow
Virginia K. DeMarchi
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Tel: (650) 988-8500

David M. Lacy Kusters
Erin Simon
FENWICK & WEST LLP
555 California Street
San Francisco, CA 94104
Tel: (415) 875-2300

Dated: January 10, 2013
2826292 / 39489

POTTER ANDERSON & CORROON LLP

By: */s/ David E. Moore*
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Bindu A. Palapura (#5370)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, DE 19801
    Tel: (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com
    bpalapura@potteranderson.com

*Attorneys for Defendant Adobe Systems Incorporated*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on January 10, 2013, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on January 10, 2013, the attached document was Electronically Mailed to the following person(s):

| | |
|---|---|
| Stamatios Stamoulis<br>Richard Charles Weinblatt<br>Stamoulis & Weinblatt LLC<br>Two Fox Point Centre<br>6 Denny Road, Suite 307<br>Wilmington, DE 19809<br>stamoulis@swdelaw.com<br>weinblatt@swdelaw.com<br>*Attorneys for Plaintiff Select Retrieval, LLC* | Steven R. Daniels<br>Maeghan E. Whitehead<br>Farney Daniels LLP<br>800 South Austin Avenue<br>Suite 200<br>Georgetown, TX 78626<br>sdaniels@farneydaniels.com<br>mwhitehead@farneydanield.com<br>*Attorneys for Plaintiff Select Retrieval, LLC* |
| Charlene M. Morrow<br>Virginia K. DeMarchi<br>Amy Hayden<br>Fenwick & West LLP<br>801 California Street<br>Mountain View, CA 94041<br>cmorrow@fenwick.com<br>vdemarchi@fenwick.com<br>ahayden@fenwick.com<br>*Attorneys for Intervenor Adobe Systems Incorporated* | David M. Lacy Kusters<br>Erin Simon<br>Fenwick & West LLP<br>555 California Street<br>San Francisco, CA 94104<br>dlacykusters@fenwick.com<br>esimon@fenwick.com<br>*Attorneys for Intervenor Adobe Systems Incorporated* |

Mary B. Graham
Julia Heaney
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P. O. Box 1347
Wilmington, DE 19899
mgraham@mnat.com
jheaney@mnat.com
*Attorneys for Defendants American Greetings,
B & H Foto & Electronics Corp., Bluefly, Inc.,
Brown Shoes Company, Inc., Dillard's, Inc.,
eBags, Inc., Hanover Direct, Inc., J&P
Cycles, LLC, J & R Electronics Inc., Oriental
Trading Company, Inc., Redcats USA, Inc.
and Scholastic Corporation*

Karen G. Johnson-McKewan
Orrick, Herrington & Sutcliffe LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
kjohnson-mckewan@orrick.com
*Attorneys for Defendants American Greetings,
B & H Foto & Electronics Corp., Bluefly, Inc.,
Brown Shoe Company, Inc., Dillard's, Inc.,
eBags, Inc., Hanover Direct, Inc., J&P
Cycles, LLC, J & R Electronics Inc., Oriental
Trading Company, Inc., Redcats USA, Inc.
and Scholastic Corporation*

John G. Day
Tiffany Geyer Lydon
Andrew C. Mayo
Ashby & Geddes
500 Delaware Avenue, 8th Floor
P. O. Box 1150
Wilmington, DE 19801
jday@ashby-geddes.com
tlydon@ashby-geddes.com
amayo@ashby-geddes.com
*Attorneys for Defendants Ann Inc., Charming
Shoppes, Inc. and Ellison Systems, Inc. (d/b/a
Shoplet.com)*

Christopher Broderick
Orrick, Herrington & Sutcliffe LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017-5855
cbroderick@orrick.com
*Attorneys for Defendants American Greetings,
B & H Foto & Electronics Corp., Bluefly, Inc.,
Brown Shoe Company, Inc., Dillard's, Inc.,
eBags, Inc., Hanover Direct, Inc., J&P Cycles,
LLC, J & R Electronics Inc., Oriental Trading
Company, Inc., Redcats USA, Inc. and Scholastic
Corporation*

Christina Von der Ahe
Orrick, Herrington & Sutcliffe LLP
2050 Main Street, Suite 1100
Irvine, CA 92614-8255
cvonderahe@orrick.com
*Attorneys for Defendants American Greetings,
B & H Foto & Electronics Corp., Bluefly, Inc.,
Brown Shoe Company, Inc., Dillard's, Inc.,
eBags, Inc., Hanover Direct, Inc., J&P Cycles,
LLC, J & R Electronics Inc., Oriental Trading
Company, Inc., Redcats USA, Inc. and Scholastic
Corporation*

Robert L. Lee
Holly S. Hawkins Saporito
Joshua Weeks
Alston & Bird
1201 West Peachtree Street
Atlanta, GA 30309
bob.lee@aslton.com
holly.hawkins@alston.com
joshua.weeks@alston.com
*Attorneys for Defendants Ann Inc. and Charming
Shoppes, Inc.*

2

William H. Baker
Alston & Bird
90 Park Avenue
New York, NY 10016
bill.baker@alston.com
*Attorneys for Defendants Ann Inc. and Charming Shoppes, Inc.*

Jared T. Kelly
Steven M. Bauer
William D. Dalsen
Proskauer Rose LLP
One International Place
Boston, MA 02110
jkelly@proskauer.com
sbauer@proskauer.com
wdalsen@proskauer.com
*Attorneys for Defendant Barneys New York, Inc.*

Eugene Chang
Robert G. Kofsky
Wilkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019-6099
echang@wilkie.com
rkofsky@wilkie.com
*Attorneys for Defendant CPA2BIZ, Inc.*

Natalie Hanlon-Leh
Jared Briant
Faegre Baker Daniels LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, CO 80203
natalie.hanlon- leh@FaegreBD.com
jared.briant@faegreBD.com
*Attorneys for Defendant Crocs, Inc.*

Jack B. Blumenfeld
Julia Heaney
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P. O. Box 1347
Wilmington, DE 19899
jblumenfeld@mnat.com
jheaney@mnat.com
*Attorneys for Defendants Barneys New York, Inc. and Ross-Simons of Warwick, Inc.*

Mary B. Graham
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P. O. Box 1347
Wilmington, DE 19899-1347
mgraham@mnat.com
*Attorneys for Defendants CPA2BIZ, Inc.*

Christopher P. Broderick
Orrick, Herrington And Sutcliffe, LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017-5855
cbroderick@orrick.com
*Attorneys for Defendant CPA2BIZ, Inc.*

Nicholas E. Skiles
Swartz Campbell LLC
300 Delaware Avenue, Suite 330
Wilmington, DE 19801
nskiles@swartzcampbell.com
*Attorneys for Defendant Hayneedle Inc.*

Jason S. Jackson
James M. Sulentic
Kutak Rock LLP
1650 Farnam Street
Omaha, NE  68102
jason.jackson@kutakrock.com
james.sulentic@kutakrock.com
*Attorneys for Defendant Hayneedle Inc.*

Kent E. Baldauf, Jr.
Bryan P. Clark
James J. Bosco, Jr.
The Webb Law Firm
One Gateway Center
420 Ft. Duquesne Blvd, Suite 1200
Pittsburgh, PA  15222
kbaldaufJr@webblaw.com
bclark@webblaw.com
jbosco@webblaw.com
*Attorneys for Defendant Macy's Inc.*

John H. Barr, Jr.
Christopher A. Shield
Robert D. Ayers, Jr.
Bracewell & Giuliana LLP
711 Louisiana, Suite 2300
Houston, TX  77002
John.barr@bgllp.com
Chris.shield@bgllp.com
Robert.ayers@bgllp.com
*Attorneys for Defendant Overstock.com, Inc.*

Matthew B. Lowrie
Aaron W. Moore
Foley & Lardner LLP
111 Huntington Avenue
Suite 2600
Boston, MA  02199-7610
mlowrie@foley.com
amoore@foley.com
*Attorneys for Defendant PC Connection, Inc.*

Dominick T. Gattuso
Meghan A. Adams
Dawn Kurtz Crompton
Proctor Heyman LLP
300 Delaware Avenue, Suite 200
Wilmington, DE  19801
dgattuso@proctorheyman.com
madams@proctorheyman.com
dcrompton@proctorheyman.com
*Attorneys for Defendant Macy's Inc.*

Karen L. Pascale
James L. Higgins
Young Conaway Stargatt & Taylor, LLP
Rodney Square
1000 North King Street
Wilmington, DE  19801
kpascale@ycst.com
jhiggins@ycst.com
*Attorneys for Defendant Overstock.com, Inc.*

Frederick L. Cottrell, III
Elizabeth R. He
Richards, Layton & Finger, P.A.
920 N. King Street
One Rodney Square
Wilmington, DE  19801
cottrell@rlf.com
he@rlh.com
*Attorneys for Defendant PC Connection, Inc.*

William R. Grimm
Hinckley, Allen & Snyder LLP
28 State Street
Boston, MA  02109-1775
wgrimm@haslaw.com
*Attorneys for Defendant Ross-Simons of Warwick, Inc.*

4

| | |
|---|---|
| Stephen J. Carlotti<br>Hinckley, Allen & Snyder LLP<br>50 Kennedy Plaza, Suite 1500<br>Providence, RI 02903<br>scarlotti@haslaw.com<br>*Attorneys for Defendant Ross-Simons of Warwick, Inc.* | Brian D. Siff<br>Gina M. Bassi<br>Schiff Hardin LLP<br>666 Fifth Avenue, Suite 1700<br>New York, NY 10103<br>bsiff@schiffhardin.com<br>gbassi@schiffhardin.com<br>*Attorneys for Defendant Scholastic Corporation* |
| Gregory B. Williams<br>Fox Rothschild LLP<br>Citizens Bank Center<br>919 N. Market Street, Suite 1300<br>Wilmington, DE 19899<br>gwilliams@foxrothschild.com<br>*Attorneys for Defendant Wal-Mart Stores, Inc.* | David E. Finkelson<br>McGuireWoods LLP<br>One James Center<br>901 East Cary Street<br>Richmond, VA 23219-4030<br>dfinkelson@mcguirewoods.com<br>*Attorneys for Defendant Wal-Mart Stores, Inc.* |

By:  /s/ David E. Moore
    Richard L. Horwitz
    David E. Moore
    Bindu A. Palapura
    POTTER ANDERSON & CORROON LLP
    Tel: (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com
    bpalapura@potteranderson.com

1028857 / 37313