# EXHIBIT A

---

Frank E. Scherkenbach (CA Bar No. 142549 / scherkenbach@fr.com)
FISH & RICHARDSON P.C.
One Marine Park Drive
Boston, MA 02210
Telephone: (617) 542-5070
Facsimile: (617) 542-8906

Jason W. Wolff (CA Bar No. 215819 / wolff@fr.com)
Olga I. May (CA Bar No. 232012 / omay@fr.com)
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Telephone:  (858) 678-5070
Facsimile:   (858) 678-5099

Enrique D. Duarte (CA Bar No. 247523 / duarte@fr.com)
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone:  (650) 839-5070
Facsimile:   (650) 839-5071

Attorneys for Plaintiff
ADOBE SYSTEMS INCORPORATED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ADOBE SYSTEMS INCORPORATED, a Delaware Corporation,<br><br>              Plaintiff,<br><br>       v.<br><br>KELORA SYSTEMS, LLC, a Delaware Limited Liability Company,<br><br>              Defendants. | Case No. CV11-03938 CW<br><br>**SECOND AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>**Honorable Claudia Wilken** |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**SECOND AMENDED COMPLAINT**

Plaintiff Adobe Systems Incorporated ("Adobe") hereby alleges as follows for this Second Amended Complaint ("Complaint") against Kelora Systems, LLC ("Kelora"):

**PARTIES**

1. Plaintiff Adobe is a Delaware corporation with its principal place of business at 345 Park Avenue, San Jose, CA 95110.

2. On information and belief, Defendant Kelora Systems, LLC is a Delaware limited liability company with its principal place of business at 19925 Stevens Creek Blvd., Suite 100, Cupertino, CA 95014.

**JURISDICTION AND VENUE**

3. This action is based on the patent laws of Title 35 of the United States Code, § 1 *et seq.*, with a specific remedy sought under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202. An actual, substantial, and continuing justiciable controversy exists between Adobe and Kelora that requires a declaration of rights by this Court.

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Kelora because Kelora resides in the state of California and in this district. This Court also has personal jurisdiction over Kelora by virtue of Kelora's purposeful contacts with this District, such that Kelora could have reasonably expected to be haled into Court in this district. Personal jurisdiction over Kelora may also be found by virtue of Kelora's enforcement of the patent that is the subject of this suit in this District against Adobe licensee OfficeMax Incorporated. *See Kelora Systems, LLC v. Target Corp. et al.*, Case No. 4:11cv01548 (CW).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400 because a substantial part of the events giving rise to the claims presented in this Complaint occurred in this district, including but not limited to the alleged invention of the patent-in-suit and efforts at commercialization and licensing of the patent-in-suit. Venue is further proper because all

1                    SECOND AMENDED COMPLAINT
                     FOR DECLARATORY JUDGMENT
                     Case No. CV11-03938 CW

Defendants are subject to personal jurisdiction in this judicial district and are therefore deemed to reside in this district pursuant to 28 U.S.C. § 1391(c).

## NOTICE OF RELATED CASES

7.      Adobe identifies the following cases to which this action is related: *Nebraska Furniture Mart Inc. v. Kelora Systems LLC*, Case No. 4:11cv02284 (CW); *Kelora Systems, LLC v. Target Corp. et al.*, Case No. 4:11cv01548 (CW); *Cabela's Inc. v. Kelora Systems, LLC*, Case No. 4:11cv01398 (CW); *eBay, Inc. v. PartsRiver, Inc. et al.*, Case No. 4:10cv04947 (CW).

8.      The above-referenced cases either were originally filed in this District or were transferred in from other Districts.  All were assigned to the Honorable Claudia Wilken.

## INTRADISTRICT ASSIGNMENT

9.      Under Civil Local Rules 3-2(c) and 3-5, this action, being a declaratory judgment action based on patent claims, is appropriate for assignment on a district-wide basis.

## FACTUAL BACKGROUND

10.     Adobe develops, sells, and licenses many software programs for computers and electronic devices, including such technologies as Acrobat, Flash, and PostScript.  It also provides web hosting services and other merchandising and data analytics services, such as through its Omniture business.  The hosted merchandising technology and services run on servers controlled by Adobe and can be used by Adobe's licensees to execute online merchandising strategies.

11.     On information and belief, Kelora's business is licensing and enforcement of its patent.

12.     On information and belief, Kelora purports to be the owner of U.S. Patent No. 6,275,821 ("'821 patent").  The '821 patent is entitled "Method and System for Executing a Guided Parametric Search."  A copy of the '821 patent is attached as Exhibit A.

13.     On November 8, 2010, Kelora filed a Complaint in the Western District of Wisconsin ("Wisconsin Action") against multiple defendants, including, Target Corp. ("Target"), OfficeMax, Incorporated ("OfficeMax"), Shopko Stores Operating Co., LLC ("Shopko"), Briggs & Stratton Corp. ("Briggs & Stratton"), Chelsea & Scott Ltd. ("Chelsea & Scott"), National Business Furniture,

SECOND AMENDED COMPLAINT
FOR DECLARATORY JUDGMENT
Case No. CV11-03938 CW

Exhibit A
Page 3

1  LLC ("National Business"), BuyOnLineNow, Inc. ("BuyOnLineNow"), Rockler Companies, Inc.

2  ("Rockler"), IDW, LLC ("IDW"), 1-800-Flowers.com, Inc. ("1-800-Flowers"), PC Connection, Inc.

3  ("PC Connection"), and Eastbay and Mason Companies, Inc. ("Eastbay and Mason"), collectively

4  the "Retail Defendants," asserting infringement of the '821 patent.  The case was subsequently

5  transferred to the Northern District of California before the Honorable Claudia Wilken.  Kelora

6  alleges that these Retail Defendants infringe the '821 patent by using the search techniques claimed

7  in the '821 patent in their Internet websites.  Defendant OfficeMax is a licensee of the Adobe hosted

8  merchandising technology.  Under the terms of the licensing agreement between Adobe and

9  OfficeMax, Adobe has a duty to defend and indemnity OfficeMax for certain claims against it,

10  including claims for patent infringement, based on OfficeMax's use of the Adobe hosted

11  merchandising technology.  OfficeMax informed Adobe of Kelora's infringement allegations,

12  provided a copy of the infringement allegations to Adobe, and represented that these allegations are

13  based on OfficeMax's use of the Adobe hosted merchandising technology.  Upon its investigation of

14  OfficeMax's claims to date, Adobe is informed and believes, based on Kelora's infringement

15  allegations, OfficeMax's representations, and the patent claims, that Kelora's allegations pertain to

16  the Adobe hosted merchandising technology and that Adobe has a duty to defend and/or indemnify

17  OfficeMax as provided by the terms of the licensing agreement.  On August 5, 2011, Adobe

18  accepted OfficeMax's tender of defense and indemnity provided under the terms of the licensing

19  agreement between Adobe and OfficeMax.

20       14.    In addition to alleging infringement of the '821 patent based in part on Adobe

21  technology in the Wisconsin Action, Kelora has sent letters to other Adobe licensees, also accusing

22  them of infringement of the '821 patent.  These licensees include Gerler & Son, Inc. dba

23  Onlineshoes.com; Hayneedle, Inc.; Musicnotes, Inc.; Rooms To Go, Inc.; eCost.com, Inc.;

24  OfficeMax Incorporated; Fingerhut Corp.; Recreational Equipment, Inc.; Macys.com, Inc.; Jockey

25  International, Inc.; Jildor Shoes, Inc.; Charles Tyrwhitt LLC; Speedway Motors, Inc.; Oreck

26  Corporation; Only Natural Pet Store LLC; Overstock.com, Inc.; 80sTees.com, Inc.; Baudville, Inc.;

27  Freshpair, Inc.; Jameco Electronics; Museum of Modern Art; Shane Co.; Uncommon Goods; Hertz

28

3                    SECOND AMENDED COMPLAINT
                     FOR DECLARATORY JUDGMENT
                     Case No. CV11-03938 CW

1    Furniture; Paul Fredrick; MotoSport; Belami, Inc. dba 1StopLighting; Charming Direct, Inc.; Ross-

2    Simons, Inc.; Sailrite Enterprises, Inc.; Nancy's Notions; Rod's Western Palace, Inc.; Cookie's

3    Department Stores;  Evolucion Innovations, Inc.; and Modia Home Theater Store.  Under the

4    licensees' agreements with Adobe, and in the particular context of this suit, Adobe has a legal duty

5    to defend and indemnify its licensees for certain claims against them, including claims for patent

6    infringement, based on their use of the Adobe hosted merchandising technology.  The licensees

7    contacted Adobe regarding Kelora's infringement allegations, provided copies of the allegations to

8    Adobe, represented that these allegations are based on their use of the Adobe hosted merchandising

9    technology, and requested defense and indemnity.  Based on its investigation of the licensees'

10   claims, Adobe is informed and believes that Kelora's infringement allegations against these

11   licensees are similar to those against OfficeMax and also pertain to the Adobe hosted merchandising

12   technology.  Adobe has not completed its investigation of every licensee's claims, but has already

13   accepted the tender of the duty to defend from some of the licensees based on Kelora's infringement

14   allegations, information provided by the licensees regarding their particular use of the Adobe hosted

15   merchandising technology, and the patent claims.

16          15.     As a result of these allegations made by Kelora against the Adobe licensees, there is

17   an immediate and actual case or controversy between Adobe and Kelora regarding the non-

18   infringement, validity, absolute and equitable intervening rights, and enforceability of the '821

19   patent as it pertains to the Adobe licensed technology and services, particularly Adobe's hosted

20   merchandising solutions.

21          16.     This controversy is between parties having adverse legal interests and is of sufficient

22   immediacy and reality to warrant issuance of a declaratory judgment under 28 U.S.C. § 2201(a) as to

23   the validity and enforceability of the '821 patent, the alleged infringement of the '821 patent by

24   Adobe or its technology, and Adobe's and its licensees' entitlement to absolute and equitable

25   intervening rights.

26

27

28

                                                       4                SECOND AMENDED COMPLAINT
                                                                        FOR DECLARATORY JUDGMENT
                                                                        Case No. CV11-03938 CW

**FIRST CLAIM FOR RELIEF**

**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 6,275,821)**

17.     Adobe restates and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

18.     This is an action for declaratory judgment of non-infringement of any valid and enforceable claim of the '821 patent.

19.     Kelora has alleged and continues to allege that retailer websites using the Adobe merchandising technology are covered by the '821 patent.  Kelora has commenced litigation against the Retail Defendants regarding this matter, and several other companies, including *inter alia*, Microsoft Corp. and eBay Inc., have filed declaratory judgment actions against Kelora.

20.     Adobe asserts that its technology is not covered by the '821 patent, and that Adobe does not infringe and has not infringed any valid and enforceable claim of the '821 patent.  Adobe further asserts that its licensees, including OfficeMax, have not infringed and do not infringe any valid and enforceable claim of the '821 patent through any use of Adobe technology.

21.     Therefore, there exists a substantial controversy between Adobe and Kelora, parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that Adobe and its licensees have not infringed and do not infringe any valid and enforceable claim of the '821 patent based on the manufacture, licensing or use of the Adobe merchandising technology.

22.     An actual and justiciable controversy exists regarding the alleged infringement of the '821 patent by Adobe or its licensees, including OfficeMax.  Adobe accordingly requests a judicial determination of its rights, duties, and obligations with regard to the '821 patent.

23.     A judicial declaration is necessary and appropriate so that Adobe may ascertain its rights regarding the '821 patent.

SECOND AMENDED COMPLAINT
FOR DECLARATORY JUDGMENT
Case No. CV11-03938 CW

**SECOND CLAIM FOR RELIEF**

**(Declaratory Judgment of Invalidity of U.S. Patent No. 6,275,821)**

24.     Adobe restates and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

25.     This is an action for declaratory judgment of invalidity of any and all asserted claims of the '821 patent.

26.     On information and belief, Kelora has alleged and continues to allege that retailer websites using Adobe technology are covered by the '821 patent.  Kelora has already commenced litigation against the Retail Defendants regarding this matter, and several other companies, including *inter alia*, Microsoft Corp. and eBay Inc., have filed declaratory judgment actions against Kelora.

27.      The asserted claims of the '821 patent are invalid because they fail to comply with the conditions and requirements for patentability set forth in 35 U.S.C. § 1 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

28.     Therefore, there exists a substantial controversy between Adobe and Kelora, parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that each asserted claim of the '821 patent is invalid.

29.     Therefore, an actual and justiciable controversy exists regarding the validity of the '821 patent.  Adobe accordingly requests a judicial determination of its rights, duties, and obligations with regard to the '821 patent.

30.     A judicial declaration is necessary and appropriate so that Adobe may ascertain its rights regarding the '821 patent.

**THIRD CLAIM FOR RELIEF**

**(Declaratory Judgment of Intervening Rights to U.S. Patent No. 6,275,821)**

31.     Adobe restates and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

SECOND AMENDED COMPLAINT
FOR DECLARATORY JUDGMENT
Case No. CV11-03938 CW

32.     This is an action for declaratory judgment of absolute and equitable intervening rights of any and all asserted claims of the '821 patent that were added or amended during reexamination of the '821 patent, or that depend on an amended claim.

33.     On December 22, 2008, the United States Patent and Trademark Office ("USPTO") determined that there was a substantial new question of patentability affecting claims 1 and 2 of the '821 patent and thus ordered and *ex parte* reexamination of those claims (Reexamination Control No. 90/009,316).

34.     On June 18, 2009, an Examiner at the USPTO issued an Office Action finally rejecting claims 1 and 2 of the '821 patent under 35 U.S.C. § 102(b) as being clearly anticipated by Granacki et al., *A Component Library Management System and Browser*, ISI Research Report, ISI/RR-93-386, USC/Information Sciences Institute, April, 1993.

35.     On August 21, 2009, Judge Wilken granted summary judgment that original claims 1 and 2 of the '821 patent were invalid under 35 U.S.C. § 102(b) due to the on-sale bar.

36.     On May 20, 2010, the patentee amended original claim 1 of the '821 patent and added a new claim 9.

37.     On June 24, 2010, the Examiner dismissed the appeal to the BPAI and issued a Notice of Intent to Issue Reexamination Certificate stating that the amended claim 1 and the new claim 9 were allowable.

38.     On November 2, 2010, the USPTO issued a reexamination certificate for the '821 patent reflecting the allowed amendment to claim 1 and the allowed new claim 9.

39.     The scope of reexamined claim 1, its dependent claims, and new claim 9 of the '821 patent is not legally identical to the scope of any of the original claims of the '821 patent.

40.     On May 9, 2011, Judge Wilken entered a summary judgment order that, among other things, held that Kelora may not seek damages for infringement of the '821 patent before November 2, 2010 (the issue date of the '821 reexamination certificate).  *See* Case No. C 10-4947 CW, Docket No. 70.  The Court additionally found that amended claims 1 and 2 and new claim 9 are substantially different from original claims 1 and 2.  *See id.* at 7.

41.     Under 35 U.S.C. § 252, ¶ 1 and § 307(b), Kelora may not bring an action against Adobe or its licensees for causes arising before November 2, 2010, with respect to at least reexamined claim 1, its dependent claims, and new claim 9.

42.     Under 35 U.S.C. § 252, ¶2 and § 307(b), Adobe and its licensees are entitled to absolute intervening rights with respect to at least reexamined claim 1, its dependent claims, and new claim 9.

43.     Under 35 U.S.C. § 252, ¶2 and § 307(b), Adobe and its licensees are entitled to equitable intervening rights for the protection of investments made or business commenced before November 2, 2010, with respect to at least reexamined claim 1, its dependent claims, and new claim 9.

44.     Therefore, there exists a substantial controversy between Adobe and Kelora, parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that Adobe and its licensees, including OfficeMax, are entitled to absolute and equitable intervening rights with respect to at least reexamined claim 1, its dependent claims, and new claim 9.

45.     Therefore, an actual and justiciable controversy exists regarding Adobe's and its licensees', including OfficeMax's, intervening rights concerning the '821 patent.  Adobe accordingly requests a judicial determination of its rights, duties, and obligations with regard to the '821 patent.

46.     A judicial declaration is necessary and appropriate so that Adobe may ascertain its rights regarding the '821 patent.

## JURY DEMAND

Adobe hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

WHEREFORE, Adobe prays for judgment against Kelora as follows:

1.     A declaration that Adobe's technology is not covered by any valid and enforceable claim of the '821 patent, and that Adobe does not infringe any valid and enforceable claim of the

SECOND AMENDED COMPLAINT
FOR DECLARATORY JUDGMENT
Case No. CV11-03938 CW

'821 patent;

2.     A declaration that Adobe's licensees, including OfficeMax, do not infringe any valid and enforceable claim of the '821 patent by virtue of their use of Adobe technology;

3.     A declaration that the '821 patent is invalid;

4.     A declaration that Kelora may not bring an action against Adobe or its licensees, including OfficeMax, for causes arising before November 2, 2010, with respect to at least reexamined claim 1, its dependent claims, and new claim 9;

5.     A declaration that Adobe is entitled to absolute intervening rights with respect to at least reexamined claim 1, its dependent claims, and new claim 9;

6.     A declaration that Adobe's licensees, including OfficeMax, are entitled to absolute intervening rights with respect to at least reexamined claim 1, its dependent claims, and new claim 9 by virtue of their use of Adobe technology;

7.     A declaration that Adobe is entitled to equitable intervening rights with respect to at least reexamined claim 1, its dependent claims, and new claim 9;

8.     A declaration that Adobe's licensees, including OfficeMax, are entitled to equitable intervening rights with respect to at least reexamined claim 1, its dependent claims, and new claim 9 by virtue of their use of Adobe technology;

9.     That this case is "exceptional" pursuant to 35 U.S.C. § 285, entitling Adobe to an award of its reasonable attorneys' fees;

10.    That Adobe be awarded its reasonable costs incurred in this action; and

11.    For such other relief as this Court deems just, reasonable and proper.

Dated:  December 14, 2011                FISH & RICHARDSON P.C.

                                         By: /s/ Enrique D. Duarte
                                             Enrique D. Duarte

                                         Attorneys for Plaintiff
                                         ADOBE SYSTEMS INCORPORATED

9                          SECOND AMENDED COMPLAINT
                           FOR DECLARATORY JUDGMENT
                           Case No. CV11-03938 CW

# EXHIBIT B

1  MANATT, PHELPS & PHILLIPS, LLP
   ROBERT D. BECKER (Bar No. CA 160648)
2  E-mail:  rbecker@manatt.com
   RONALD S. KATZ (Bar No. CA 085713)
3  E-mail:  rkatz@manatt.com
   SHAWN G. HANSEN (Bar No. CA 197033)
4  E-mail:  shansen@manatt.com
   1841 Page Mill Road, Suite 200
5  Palo Alto, CA  94304
   Telephone:  (650) 812-1300
6  Facsimile:  (650) 213-0260

7  *Attorneys for Defendant*
   KELORA SYSTEMS, LLC

8

9                    IN THE UNITED STATES DISTRICT COURT

10                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

11                              OAKLAND DIVISION

12

13

14  Adobe Systems Incorporated,              Case No. 11-cv-3938-CW

15                *Plaintiff*,               **KELORA SYSTEMS, LLC'S ANSWER
                                             AND COUNTERCLAIM IN THE
16        vs.                                ALTERNATIVE RESPONSIVE TO
                                             SECOND AMENDED COMPLAINT FOR
17  Kelora Systems, LLC,                     DECLARATORY JUDGMENT**

18                *Defendant*.               **DEMAND FOR JURY TRIAL**

19                                           **Honorable Claudia Wilken**

20        Pursuant to Federal Rules of Civil Procedure 8(b) and 12(b)(1) and this Court's Order

21  Granting Defendant's Motion to Dismiss dated December 7, 2011 (Docket No. 41), Defendant

22  Kelora Systems, LLC ("Kelora"), hereby responds to the Second Amended Complaint for

23  Declaratory Judgment ("Complaint") of Adobe Systems Incorporated ("Adobe"), as follows.

24  Unless specifically admitted, Kelora generally denies all allegations in the Complaint.  Kelora

25  expressly denies that Adobe is entitled to any relief whatsoever in connection with its Complaint,

26  including, but not limited to, all relief requested in Adobe's Prayer for Relief.

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

                                                              KELORA'S
                                              ANSWER AND COUNTERCLAIM
                                              CASE NO. 11-CV-3938-CW

Exhibit B
Page 1

**THE PARTIES**

1.     Responsive to Paragraph 1, Kelora admits the allegations upon information and belief.

2.     Responsive to Paragraph 2, Kelora admits the allegations.

**JURISDICTION AND VENUE**

3.     Responsive to Paragraph 3, Kelora admits that Adobe's Complaint purports to be based on the patent laws of the United States and seeks a remedy under the Declaratory Judgment Act.  Except as expressly admitted, Kelora lacks information sufficient to form a belief about the truth of the allegations and on that basis Kelora denies that an actual, substantial, and continuing justiciable controversy exists between Kelora and Adobe that requires a declaration of rights by this Court.

4.     Responsive to Paragraph 4, Kelora lacks information sufficient to form a belief about the truth of the allegations and on that basis Kelora denies the allegations.

5.     Responsive to Paragraph 5, Kelora admits that it is subject to personal jurisdiction in this Court and that other litigation in this District in which Kelora is a party speaks for itself.  Except as expressly admitted, Kelora denies the allegations.

6.     Responsive to Paragraph 6, Kelora admits that, to the extent this Court has jurisdiction over the subject matter and parties in this action, this Court is a proper venue for this action.  Except as expressly admitted, Kelora denies the allegations.

7.     Responsive to Paragraph 7, the allegations purport to identify other litigation that speaks for itself and require no response by Kelora.  To the extent a response by Kelora is required, Kelora admits that three of cases identified in that paragraph are related as defined by Civil Local Rule.  The case *Nebraska Furniture Mart Inc. v. Kelora Systems LLC,* Case No. 4:11cv02284 (CW) has been dismissed pursuant to settlement.

8.     Responsive to Paragraph 8, Kelora admits the allegations.

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

2

KELORA'S
ANSWER AND COUNTERCLAIM
CASE NO. 11-CV-3938-CW

Exhibit B
Page 2

**INTRADISTRICT ASSIGNMENT**

9.     Responsive to Paragraph 9, Kelora admits that pursuant to Civil L. R. 3-2(c), this is an Intellectual Property Action that normally would be assigned on a district-wide basis but has been assigned to Judge Wilken in the Oakland Division under Civil L.R. 3-12.

**FACTUAL BACKGROUND**

10.     Responsive to Paragraph 10, Kelora lacks knowledge or information sufficient to form a belief about the truth of the allegations and on this ground denies the allegations.

11.     Responsive to Paragraph 11, Kelora admits that it offers and supports patented software and that it licenses and enforces its patents.  Except as expressly admitted, Kelora denies the allegations.

12.     Responsive to Paragraph 12, Kelora admits that it owns the '821 patent, that that patent is entitled "Method and System for Executing a Guided Parametric Search," and that a purported copy of the '821 patent is attached as Exhibit A to the Complaint.

13.     Responsive to Paragraph 13, Kelora admits that it filed an action in Wisconsin against the identified defendants , which was transferred to this District and assigned to Judge Claudia Wilken.   Except as expressly admitted, Kelora lacks information sufficient to form a belief about the truth of the allegations and on that basis denies the allegations.

14.     Responsive to Paragraph 14, Kelora admits that it has sent letters to the alleged Adobe licensees identified in that paragraph, and that such letters speak for themselves.  Except as expressly admitted, Kelora lacks information sufficient to form a belief about the truth of the allegations and on that basis denies the allegations.

15.     Responsive to Paragraph 15, Kelora lacks information sufficient to form a belief about the truth of the allegations and on that basis denies the allegations.

16.     Responsive to Paragraph 16, Kelora lacks information sufficient to form a belief about the truth of the allegations and on that basis denies the allegations.

**FIRST CLAIM FOR RELIEF**

17.     Responsive to Paragraph 17, Kelora repeats and incorporates by reference in their entirety each of the foregoing responses to Paragraphs 1-16.

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Palo Alto

3

KELORA'S
ANSWER AND COUNTERCLAIM
CASE NO. 11-CV-3938-CW

18. Responsive to Paragraph 18, Kelora admits that Adobe is seeking the relief identified. Kelora expressly denies that Adobe is entitled to any of the relief sought in the Complaint.

19. Responsive to Paragraph 19, Kelora admits that is has commenced litigation against the "Retail Defendants" and that other companies, including Microsoft Corp. and eBay Inc., have filed declaratory judgment actions against Kelora. Except as expressly admitted, Kelora lacks knowledge or information sufficient to either admit or deny the allegations and on this ground denies the allegations.

20. Responsive to Paragraph 20, Kelora admits that Adobe makes in this action the assertions described in the allegations. Except as expressly admitted, Kelora lacks knowledge or information sufficient to either admit or deny the allegations and on this ground denies the allegations.

21. Responsive to Paragraph 21, Kelora lacks knowledge or information sufficient to either admit or deny the allegations and on this ground denies the allegations.

22. Responsive to Paragraph 22, Kelora lacks knowledge or information sufficient to either admit or deny the allegations and on this ground denies the allegations.

23. Responsive to Paragraph 23, Kelora lacks knowledge or information sufficient to either admit or deny the allegations and on this ground denies the allegations.

**SECOND CLAIM FOR RELIEF**

24. Responsive to Paragraph 24, Kelora repeats and incorporates by reference in their entirety each of the foregoing responses to Paragraphs 1-23.

25. Responsive to Paragraph 25, Kelora admits that Adobe is seeking the relief identified. Kelora expressly denies that Adobe is entitled to any of the relief sought in the Complaint.

26. Responsive to Paragraph 26, Kelora admits that it has commenced litigation against the "Retail Defendants" and that other companies, including Microsoft Corp. and eBay Inc., have filed declaratory judgment actions against Kelora. Except as expressly admitted,

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

4

KELORA'S
ANSWER AND COUNTERCLAIM
CASE NO. 11-CV-3938-CW

1   Kelora lacks knowledge or information sufficient to either admit or deny the allegations and on

2   this ground denies the allegations.

3         27.      Responsive to Paragraph 27, Kelora denies the allegations.

4         28.      Responsive to Paragraph 28, Kelora lacks knowledge or information sufficient to

5   either admit or deny the allegations and on this ground denies the allegations.

6         29.      Responsive to Paragraph 29, Kelora lacks knowledge or information sufficient to

7   either admit or deny the allegations and on this ground denies the allegations.

8         30.      Responsive to Paragraph 30, Kelora lacks knowledge or information sufficient to

9   either admit or deny the allegations and on this ground denies the allegations.

10                         **THIRD CLAIM FOR RELIEF**

11        31.      Responsive to Paragraph 31, Kelora repeats and incorporates by reference in their

12   entirety each of the foregoing responses to Paragraphs 1-30.

13        32.      Responsive to Paragraph 32, Kelora admits that Adobe is seeking the relief

14   identified.  Kelora expressly denies that Adobe is entitled to any of the relief sought in the

15   Complaint.

16        33.      Responsive to Paragraph 33, Kelora admits that the USPTO  proceeding

17   referenced in the paragraph speaks for itself.  Except as expressly admitted, Kelora denies the

18   allegations.

19        34.      Responsive to Paragraph 34, Kelora admits that a the USPTO  proceeding

20   referenced in the paragraph speaks for itself.  Except as expressly admitted, Kelora denies the

21   allegations.

22        35.      Responsive to Paragraph 35, Kelora admits that the litigation  proceeding

23   referenced in the paragraph speaks for itself.  Except as expressly admitted, Kelora denies the

24   allegations..

25        36.      Responsive to Paragraph 36, Kelora admits that the USPTO  proceeding

26   referenced in the paragraph speaks for itself.  Except as expressly admitted, Kelora denies the

27   allegations..

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

5

KELORA'S
ANSWER AND COUNTERCLAIM
CASE NO. 11-CV-3938-CW

Exhibit B
Page 5

37.     Responsive to Paragraph 37, Kelora admits that the USPTO proceeding referenced in the paragraph speaks for itself.  Except as expressly admitted, Kelora denies the allegations..

38.     Responsive to Paragraph 38, Kelora admits the allegations.

39.     Responsive to Paragraph 39, Kelora admits the allegations.

40.     Responsive to Paragraph 40, Kelora admits that the litigation proceeding referenced in the paragraph speaks for itself.  Except as expressly admitted, Kelora denies the allegations.

41.     Responsive to Paragraph 41, the allegations purport to state conclusions of law to which no response by Kelora is required in this pleading.  Kelora admits that the Court issued an order dated May 9, 2011 in Case No. 4:10-cv-04947-CW, which speaks for itself.  To the extent a further response by Kelora is required, Kelora denies the allegations.

42.     Responsive to Paragraph 42, the allegations purport to state conclusions of law to which no response by Kelora is required in this pleading.  To the extent a response by Kelora is required, Kelora denies the allegations.

43.     Responsive to Paragraph 43, the allegations purport to state conclusions of law to which no response by Kelora is required in this pleading.  To the extent a response by Kelora is required, Kelora denies the allegations.

44.     Responsive to Paragraph 44, Kelora lacks knowledge or information sufficient to either admit or deny the allegations and on this ground denies the allegations.

45.     Responsive to Paragraph 45, Kelora lacks knowledge or information sufficient to either admit or deny the allegations and on this ground denies the allegations.

46.     Responsive to Paragraph 46, Kelora lacks knowledge or information sufficient to either admit or deny the allegations and on this ground denies the allegations.

**AFFIRMATIVE DEFENSES**

Kelora asserts the following affirmative defenses against Adobe's claims:

**First Affirmative Defense (Lack of Subject Matter Jurisdiction)**

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

6

KELORA'S
ANSWER AND COUNTERCLAIM
CASE NO. 11-CV-3938-CW

Exhibit B
Page 6

47.     This Court lacks subject matter jurisdiction, including under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(7).

**Second Affirmative Defense (Failure to Join Necessary Parties)**

48.     The Complaint fails to join necessary parties (the "Adobe licensees"), including under Federal Rule of Civil Procedure 19.

**Third Affirmative Defense (Failure to State a Claim)**

49.     The Complaint fails to state a claim upon which relief may be granted.

**Fourth Affirmative Defense (Estoppel)**

50.     The claims asserted in the Complaint are barred by the doctrine of estoppel.

**Fifth Affirmative Defense (Waiver)**

51.     The claims asserted in the Complaint are barred by the doctrine of waiver.

**Sixth Affirmative Defense (Laches)**

52.     The claims asserted in the Complaint are barred by the doctrine of laches.

53.     Kelora reserves the right to assert any other affirmative defense that discovery may reveal.

WHEREFORE, Kelora prays that this Court enter judgment against Adobe on Plaintiff's Complaint as follows:

a.      Dismissing Plaintiff's Complaint with prejudice and ordering that Plaintiff is entitled to no recovery under their Complaint, including but not limited to all relief requested in Plaintiff's Prayer for Relief;

b.      Ordering that this is an exceptional case pursuant to 35 U.S.C. § 285, and awarding Kelora its attorney fees and full costs of suit; and

c.      Awarding Kelora such other and further relief as this Court deems just and appropriate.

**KELORA'S COUNTERCLAIM IN THE ALTERNATIVE**

Kelora alleges as follows for its Counterclaim against Adobe:

**PARTIES**

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

7

KELORA'S
ANSWER AND COUNTERCLAIM
CASE NO. 11-CV-3938-CW

Exhibit B
Page 7

1.  Kelora is a Delaware limited liability company with a place of business at 19925 Stevens Creek Boulevard, Suite 100, Cupertino, California 95014.

2.  On information and belief, Adobe is a Delaware corporation with its principal place of business at 345 Park Avenue, San Jose, CA 95110.

**JURISDICTION AND VENUE**

3.  This Counterclaim asserts an action for patent infringement, arising under the patent laws of the United States, 35 U.S.C. §§ 271 and 281 through 285. This Counterclaim is asserted in the alternative, in the event that Kelora's jurisdictional affirmative defense above is not meritorious. If Adobe's allegations that it hosts websites providing search technology accused of infringement of the '821 patent by Kelora are true, allegations regarding which Kelora currently lacks information sufficient to form a belief about their truth, Kelora alleges in the alternative that this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1338(a) and 1331.

4.  Adobe is subject to personal jurisdiction in this Court.

5.  Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

**INTRADISTRICT ASSIGNMENT**

6.  Pursuant to Civil L. R. 3-2(c), this is an Intellectual Property Action that normally would be assigned on a district-wide basis. However, under Civil L.R. 3-12, this action is assigned to Judge Wilken in the Oakland Division.

**BACKGROUND**

7.  Kelora is the owner by assignment of all right, title and interest in the '821 patent, entitled, "Method and system for executing a guided parametric search," which was duly and properly issued by the U.S. Patent & Trademark Office on August 14, 2001. A true and correct copy of the '821 patent is attached as Exhibit A.

8.  A reexamination certificate for the '821 patent was duly and properly issued by the U.S. Patent & Trademark Office on November 2, 2010. A true and correct copy of the reexamination certificate for the '821 patent is attached as Exhibit B.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

8

KELORA'S
ANSWER AND COUNTERCLAIM
CASE NO. 11-CV-3938-CW

**CLAIM FOR RELIEF**

**INFRINGEMENT OF U.S. PATENT NO. 6,275,821**

9.      Kelora incorporates the foregoing Counterclaim Paragraphs 1 through 8 as though fully set forth herein.

10.     If Adobe's allegations that it hosts websites providing search technology accused of infringement of the '821 patent by Kelora are true, allegations regarding which Kelora currently lacks information sufficient to form a belief about their truth, Kelora alleges that Adobe has infringed and continues to infringe the '821 patent by, inter alia, making and using parametric search systems, including web-based parametric search systems, and performing parametric searches that infringe the '821 patent.

11.     If Adobe's allegations that it hosts websites providing search technology accused of infringement of the '821 patent by Kelora are true, allegations regarding which Kelora currently lacks information sufficient to form a belief about their truth, Kelora alleges that by reason of the acts of Plaintiff alleged herein, Kelora has suffered damage in an amount to be proved at trial.

12.     Based on Adobe's allegations that it hosts websites providing search technology accused of infringement of the '821 patent by Kelora, allegations regarding which Kelora currently lacks information sufficient to form a belief about their truth, Kelora alleges that Adobe threatens to continue to engage in the acts complained of herein and, unless restrained and enjoined, will continue to do so, all to Kelora's irreparable injury.  It would be difficult to ascertain the amount of compensation that would afford Kelora adequate relief for such future and continuing acts, and a multiplicity of judicial proceedings would be required.  Kelora does not have an adequate remedy at law to compensate it for the injuries threatened.

**PRAYER FOR RELIEF**

WHEREFORE, Kelora demands judgment as follows:

A.      Plaintiff Adobe and its parents, affiliates, subsidiaries, officers, agents, servants, employees, attorneys, successors, and assigns, and all those persons in active concert or participation with them, or any of them, be preliminarily and permanently enjoined and restrained

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Palo Alto

9

KELORA'S
ANSWER AND COUNTERCLAIM
CASE NO. 11-CV-3938-CW

Exhibit B
Page 9

1   from making, importing, using, offering for sale, selling, or causing to be sold any product or

2   service falling within, or designed to conduct a method falling within, the scope of any claim of

3   the '821 patent, or otherwise infringing or contributing to or inducing infringement of any claim

4   of the '821 patent;

5        B.    Plaintiff Adobe and its parents, affiliates, subsidiaries, officers, agents, servants,

6   employees, attorneys, successors, and assigns, and all those persons in active concert or

7   participation with them, or any of them, be ordered to destroy or offer up to Kelora for destruction

8   any and all products or services within the scope of any claim of the '821 patent that are within

9   their possession, custody, or control;

10        C.    That Kelora be awarded its actual damages, including lost profits and price

11   erosion, but in no case less than a reasonable royalty, to be assessed by or under the Court's

12   discretion, adequate to compensate Kelora for Adobe's infringement of the '821 patent;

13        D.    That Kelora be awarded pre-judgment interest and post-judgment interest at the

14   maximum rate allowed by law;

15        E.    That the Court order an accounting for damages;

16        F.    That the Court declare this to be an exceptional case pursuant to 35 U.S.C.

17   Section 285 and award Kelora its attorneys' fees;

18        G.    That the Court award enhanced damages pursuant to 35 U.S.C. Section 284 due to

19   the willful and wanton nature of Adobe's infringement of the '821 patent;

20        I.    That Kelora be awarded costs of court; and

21        J.    That Kelora be awarded such other and further relief as the Court deems just and

22   proper.

23        **DEMAND FOR JURY TRIAL**

24        Pursuant to Federal Rule of Civil Procedure 38(b) and Civil L.R. 3-6(a), Kelora demands

25   ///

26   ///

27   ///

28   ///

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Palo Alto

10

KELORA'S
ANSWER AND COUNTERCLAIM
CASE NO. 11-CV-3938-CW

1    a jury trial on all issues triable of right by a jury.

2

3          DATED: December 22, 2011          MANATT, PHELPS & PHILLIPS, LLP

4                                            By:   /s/ Robert D. Becker
5                                            Robert D. Becker
                                             Ronald S. Katz
                                             Shawn G. Hansen
6
                                             *Attorneys for Defendant*
7                                            KELORA SYSTEMS, LLC

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Palo Alto

                              11                KELORA'S
                                       ANSWER AND COUNTERCLAIM
                                       CASE NO. 11-CV-3938-CW

1

### <u>CERTIFICATE OF SERVICE</u>

2

3          The undersigned hereby certifies that on December 22, 2011, all counsel of record who

4    are deemed to have consented to electronic service are being served, via the Court's CM/ECF

5    system pursuant to L.R. 5-4 and General Order 45, with a copy of the foregoing KELORA

6    SYSTEMS, LLC'S ANSWER AND COUNTERCLAIM IN THE ALTERNATIVE

7    RESPONSIVE TO SECOND AMENDED COMPLAINT FOR DECLARATORY JUDGMENT.

8                                              By:  _/s/ Robert D. Becker_____
                                                   Robert D. Becker
9

10

11

12

13

14

15

16   301192380.2

17

18

19

20

21

22

23

24

25

26

27

28

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Palo Alto                                    12                      KELORA'S
                                                           ANSWER AND COUNTERCLAIM
                                                           CASE NO. 11-CV-3938-CW

Exhibit B
Page 12