IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SELECT RETRIEVAL LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 11-812-RGA |
| | : | |
| AMERIMARK DIRECT LLC., et al., | : | |
| | : | |
| Defendants. | : | |

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SELECT RETRIEVAL LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 12-1440-RGA |
| | : | |
| PROVIDE COMMERCE INC., | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM ORDER**

In these cases the Plaintiff has sued various defendants for patent infringement. Five of the defendants (Macy's Inc., Hayneedle Inc., Ross-Simons of Warwick Inc., Charming Shoppes Inc., and Motosport, Inc.) are customers of Adobe.[1] The Plaintiff did not sue Adobe. Adobe has sued the Plaintiff in the Southern District of California for a declaratory judgment that it does not

---

[1] It may actually be six, since it was represented at oral argument that B&H Foto was also a customer. (D.I. 636, at 5).

infringe the patent. *Adobe Systems, Inc. v. Select Retrieval, LLC*, No. 12-cv-2342. That case appears to have had no activity to speak of since 2012. A second Southern District of California case has been quite active. *Select Retrieval LLC v. American Apparel*, No. 11-2158. As far as I can tell from CM/ECF, it appears Adobe had taken over the defense of the last remaining defendant in that case, and that has recently resolved. Adobe has filed motions to intervene in the instant cases, for the limited purpose of staying the cases against its five clients until completion of the California case. Plaintiff opposes.

For various reasons, there is litigation on the same patent between the Plaintiff and other Adobe clients not only in the Southern District of California but also in Oregon, Illinois, and Maine. (D.I. 535, p.5, n.4). There is pending litigation on the same patent in a number of other districts too. (*See id.* at p.1, n.2). The same motion was filed by Adobe in Oregon, Maine, the Northern District of Illinois, and the Southern District of California. The District Court in Maine granted the motion; the District Courts in Oregon and Southern California denied the motion; and the Illinois motion remains pending. The Courts that have decided the motion agreed on the analytical framework, and neither party disputes that framework.[2]

The main point of dispute in the related cases was whether there was a significant protectable interest. This has usually involved two considerations. One is the extent to which Adobe's technology is at issue. The other is whether Adobe has had a duty to defend and indemnify its clients. Deciding how much of Adobe's technology is at issue is not an easy issue. On the other hand, at oral argument, Plaintiff did not dispute that Adobe had a duty to defend and

---

[2] Intervention of right depends upon analysis of: (1) the timeliness of the motion; (2) whether the intervenor has a significantly protectable interest; (3) whether the resolution of the matter may impair the intervenor's ability to protect its interest; and (4) whether the existing parties will adequately protect the intervenor's interest. Fed. R. Civ. P. 24(a).

indemnify its five clients. (D.I. 636, at 35). (Adobe's lawyers were then representing four of the five clients. I believe they are now representing all five.). The fact that Adobe has acknowledged its duty to defend and indemnify is a fairly strong indicator that its technology is indeed at issue in these cases. Further, the fact that these five Adobe clients (as well as at least four more Adobe clients in the four related cases) all are alleged to infringe the patent suggests that Adobe's technology may be the common link that provides a basis to believe each of the nine or more companies infringes the patent. Thus, I do not think it is necessary to delve into the technology here to conclude that Adobe does have a significant protectable interest.

In regard to the other intervention as of right factors, the motion to intervene is very timely in No. 12-1440. It was not as timely as it could have been in No. 11-812, but it is not untimely. It was filed less than four months after the Rule 16 scheduling order and nearly two years before the scheduled trial.

The third and fourth factors address the ability to protect Adobe's interest. Adobe has a significant interest in having its technology not be subject to piecemeal attacks scattered hither and yon across the United States, with the possibility of redundant litigation and inconsistent verdicts.

Thus, I will **GRANT** the Motions to Intervene, either as of right or as a matter of discretion. *See* Fed. R. Civ. P. 24(a)(2) & (b)(1)(B).

In regard to the Motions to Sever (only applicable in No. 11-812), I have no hesitation in concluding that the four Adobe customers are not properly joined to cases involving other defendants using technology obtained elsewhere. Indeed, Plaintiff does not oppose this motion for trial, but does want consolidation pretrial. Thus, I will **GRANT** the Motions to Sever.

In regard to the Motions to Stay, based on the "customer suit exception," I have had the

issue arise before. *See Pragmatus Telecom, LLC v. Advanced Store Co., Inc.*, 2012 WL 2803695 (D.Del. July 10, 2012). The facts here are not exactly the same as in *Pragmatus*. The two most significant differences are that the manufacturer declaratory judgment is in another district, and the customer defendants have not agreed to be bound by the results. (D.I. 566, p.7).

I would very much like to grant the motions to stay. There are, however, too many loose ends. It seems to me that since Adobe has indemnified the customer defendants, it should be able, if it wanted, to bind the customers. Further, given the lack of activity in the declaratory judgment action, I cannot think that it presents a particularly fair (to the Plaintiff) alternative to the pending litigation.

Thus, after full briefing and oral argument, the Motions to Intervene (No. 11-812, D.I. 534; No. 12-1440, D.I. 8) are **GRANTED**; the Motions to Sever (D.I. 534) are **GRANTED** as to Defendants Macy's Inc., Hayneedle Inc., Ross-Simons of Warwick Inc., and Charming Shoppes Inc.; the cases against them are **CONSOLIDATED** for all purposes other than trial with the other remaining defendants in No. 11-812;[3] and the Motions to Stay (No. 11-812, D.I. 534; No. 12-1440, D.I. 8) are **DENIED**.

July 3, 2013
/Date

Richard G. Andrews
United States District Judge

---

[3] It appears that there are only three other remaining defendants, one of which is B&H Foto.